BILL LOCKYER
Attorney General of the State of California
MARY E. HACKENBRACHT
Senior Assistant Attorney General
ELLEN M. PETER
Supervising Deputy Attorney General
CARYN L. CRAIG
NICHOLAS STERN
Deputy Attorneys General
  1300 "I" Street, Suite 125
  P.O. Box 944255
  Sacramento, CA  94244-2550
MARC N. MELNICK, State Bar No. 168187
Deputy Attorney General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 622-2133
  Fax:  (510) 622-2270

Attorneys for Defendant Catherine E. Witherspoon

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CENTRAL VALLEY CHRYSLER-JEEP, INC.; et al.,**<br><br>        Plaintiffs,<br><br>  v.<br><br>**CATHERINE E. WITHERSPOON,**<br><br>        Defendant. | NO. CIV F-04-6663 REC LJO<br><br>**STIPULATION AND ORDER CONTINUING MANDATORY SCHEDULING CONFERENCE**<br><br>Judge:  Hon. Lawrence J. O'Neill |

      WHEREAS, a mandatory scheduling conference is currently scheduled for May 12, 2005, at 8:45 a.m. in Courtroom 6.

      WHEREAS, on March 7, 2005, the parties filed a joint stipulation setting the schedule for briefing and hearing of defendant Catherine E. Witherspoon's motion to dismiss and the three pending motions to intervene, and on March 11, 2005 the Court approved that

Stip. & [Prop.] Order Continuing Mandatory Sch. Conf.        No. CIV F-04-6663 REC LJO

1.

stipulation.

WHEREAS, in the parties' March 7, 2005 stipulation, the parties agreed that the currently scheduled mandatory scheduling conference be continued "to at least July 5, 2005."

WHEREAS, defendant Witherspoon's motion to dismiss raises issues of venue, ripeness, and primary jurisdiction, and requests either that this action be dismissed in its entirety or that the action be transferred, the action be stayed, and the second claim be dismissed.

WHEREAS, the parties agree that the mandatory scheduling conference and the attendant obligations to meet and confer and produce initial disclosures will be facilitated by the briefing and hearing of defendant Witherspoon's motion to dismiss, and that the current schedule for the conference and disclosures would not be the best use of the Court's time and resources or the parties'.

WHEREAS, plaintiffs Central Valley Chrysler-Jeep, Inc., et al., request that the Court set the scheduling conference on July 5, 2005, or soon thereafter, so that this case can be placed on a schedule that facilitates a summary judgment hearing in September or October. Plaintiffs believe the First Amended Complaint alleges, at ¶¶ 97-107, immediate hardship from manufacturing burdens and prospective vehicle restrictions caused by Defendant's greenhouse gas standards. Plaintiffs believe that the immediate hardship to manufacturers, and in particular the immediate hardship to dealers operating within the Fresno Division, supports immediate adjudication in this Court. Plaintiffs further contend that the nominal "effective date" for the regulation at issue is both legally and factually irrelevant, given the present harm alleged in the First Amended Complaint. Plaintiffs agreed to delay the scheduling conference until Defendant's motion to dismiss is heard on June 13, but Plaintiffs wish to proceed expeditiously toward summary judgment as soon as practicable. Plaintiffs interpret Defendant's representations to the Court as permitting adjudication of this case by "September of this year, at the latest." Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, at 33-34 & n.22. Plaintiffs seek to have this case ready for a summary judgment hearing by the end of September, or shortly thereafter.

WHEREAS, defendant Witherspoon requests that the Court set the scheduling

conference on July 25, 2005 or later, because otherwise the parties may have to prematurely meet and confer, which would prove to be unproductive.  Federal Rule of Civil Procedure 26(f) requires that the parties meet and confer 21 days prior to the scheduling conference, and Rule 26(a)(1) provides that initial disclosures occur within 14 days after that.  Defendant Witherspoon believes that, before a ruling is made on her motion to dismiss, the parties will have widely disparate positions on whether, or when, it is appropriate to have initial disclosures, discovery, and motion practice in this case.  Rather than rushing to meet and confer immediately after the hearing on the motion to dismiss – a scheduling conference held on July 5, 2005 would require the parties to meet and confer by June 14, 2005 (just one day after the hearing before Judge Coyle on defendant Witherspoon's motion to dismiss) – defendant Witherspoon believes it is advisable to allow at least two or three weeks to elapse after the Court's hearing.  Defendant Witherspoon believes this will allow the parties to wait at least some time for the Court to rule on the motion to dismiss, and to allow counsel and the parties to analyze and discuss the ruling.  In addition, defendant Witherspoon believes that before a ruling is made on her motion to dismiss it is not appropriate to require the parties to begin preparing briefs and evidence for any appropriate future motions in this case (or pragmatic to discuss a schedule for doing so), especially since the challenged proposed greenhouse gas emission regulatory amendments, by their own terms, do not become effective until at least January 1, 2006.  Defendant Witherspoon suggests the scheduling conference be held on July 25, 2005, or later.

THEREFORE, plaintiffs Central Valley Chrysler-Jeep, Inc., et al., and defendant Witherspoon hereby stipulate that the mandatory scheduling conference be continued to at least July 5, 2005, to a date the Court determines is appropriate.

Dated:  4/19/05

/s/ Eric B. Wolff (as authorized on 4/19/05)
ERIC B. WOLFF
Kirkland & Ellis
Attorneys for Plaintiffs

1      Dated: 4/19/05

2

3                                            /s/ Marc N. Melnick
                                            MARC N. MELNICK

4                                             Deputy Attorney General
                                            Attorneys for Defendant

5

6      The mandatory scheduling conference is continued from May 12, 2005, at 8:45

7 a.m., to July 13, 2005 at 8:30am.

8

9 IT IS SO ORDERED.

10 **Dated:   April 21, 2005**                   **/s/ Lawrence J. O'Neill**
b9ed48                                   UNITED STATES MAGISTRATE JUDGE