IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER-JEEP, INC., et al.,<br><br>               Plaintiff,<br><br>   vs.<br><br>CATHERINE D. WITHERSPOON,<br><br>               Defendant. | No. CV-F-04-6663 REC<br><br>ORDER GRANTING ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS TO INTERVENE (Doc. 14) |

    On July 25, 2005, the court heard the motion to intervene filed by the Association of International Automobile Manufacturers (hereinafter referred to AIAM).

    Upon due consideration of the record and the arguments of the parties, the court grants this motion for the reasons set forth herein.

    On December 7, 2004, plaintiffs filed a Complaint for Declaratory and Injunctive Relief against defendant. On February 16, 2005, plaintiffs filed a First Amended Complaint (FAC).

1

Plaintiffs in the FAC include the following automobile dealerships located in Modesto, Turlock, Merced, Madera, Lemoore, Tulare, and Porterville: Central Valley Chrysler-Jeep, Inc.; Kitahara Pontiac GMC Buick, Inc.; Madera Ford Mercury, Inc.; Madera Chevrolet; Frontier Dodge, Inc.; Tom Fields Motors, Inc.; Pistoresi Chrysler Dodge Jeep; Bob Williams Chevrolet; Courtesy Oldsmobile Cadillac, Inc.; Merle Stone Chevrolet, Inc.; Merle Stone Porterville, Inc.; Sturgeon and Beck Incorporated; and Swanson Fahrney Ford, Inc.  General Motors Corporation and DaimlerChrysler Corporation are also plaintiffs.  The Tulare County Farm Bureau and the Alliance of Automobile Manufacturers are also plaintiffs.  The defendant is Catherine E. Witherspoon in her official capacity as Executive Officer of the California Air Resources Board.

The FAC alleges that it is an action for declaratory and injunctive relief under the Supremacy Clause in Article VI of the United States Constitution and 42 U.S.C. § 1983.  The FAC challenges the requirements of A.B. 1493, codified at California Health and Safety Code § 43018.5, and the regulation proposed by the California Air Resources Board (CARB) set forth in Resolution No. 04-28, dated September 24, 2004.  The FAC alleges that CARB has interpreted the statute to require the adoption and enforcement of rules to limit the release of carbon dioxide from new motor vehicles sold in California beginning in the 2009 model year, which starts in calendar year 2008.  The FAC, which is very verbose, alleges the following claims for declaratory and

2

injunctive relief:

>     1.   Count I - Preemption under the Energy Policy and Conservation Act of 1975 (EPCA), 49 U.S.C. §§ 329021-32919, specifically Section 32919(a).
>
>     2.   Count II - Preemption under § 209(a) of the Federal Clean Air Act, 42 U.S.C. § 7543(a).
>
>     3.   Count III - Preemption under the foreign policy of the United States and the foreign affairs powers of the Federal Government.
>
>     4.   Count IV - Violation of the Dormant Commerce Clause of the United States Constitution.
>
>     5.   Count V - Violation of the Sherman Act, 15 U.S.C. § 1.

The FAC prays for a declaratory judgment that "the regulation adopted by CARB and Defendant on September 24, 2004, in Resolution 04-28 violates federal law" and for a preliminary and permanent injunction enjoining Defendant "from implementing or enforcing the regulation adopted by CARB in Resolution 04-28, or any substantially similar regulation."

The Association of International Automobile Manufacturers (AIAM) has filed a motion to intervene pursuant to Rule 24, Federal Rules of Civil Procedure.

AIAM is a trade association of manufacturers, manufacturer-authorized importers, and distributors of motor vehicles. Its members include American Honda Motor Company, Inc.; American Suzuki Motor Corporation; Aston Martin Lagonda of North America, Inc.; Ferrari North America, Inc.; Hyundai Motor America; Isuzu Motors America, Inc.; Kia Motors America, Inc.; Maserati North

3

America, Inc.; Mitsubishi Motors North America, Inc.; Nissan North America, Inc.; Peugot Motors of America, Inc.; Renault, SA; Subaru of America, Inc.; and Toyota Motor North America, Inc.

AIAM asserts that the its members account for approximately 40% of annual sales in California of passenger cars and light trucks. AIAM contends that, in order to meet the new-California specific standards on the time-table set by the proposed regulation, it's members will be forced to develop and implement substantial motor vehicle design and manufacturing changes, which changes require that AIAM members undertake immediate and intensive capital investments in both research and development and manufacturing.

A.  <u>Intervention As Of Right</u>.

Rule 24(a), Federal Rules of Civil Procedure, which governs intervention as of right, provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the interest is adequately protected by existing parties.

An applicant may intervene as of right pursuant to Rule 24(a) if the following elements are satisfied: (1) the motion must be timely; (2) the applicant must have a "significant protectable interest" relating to the property or transaction which is the subject of the action; (3) the applicant must be

4

situated such that disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. <u>Smith v. Marsh</u>, 194 F.3d 1045, 1049 (9th Cir. 1999). The court must interpret the rule broadly in favor of intervention. <u>Forest Conservation Council v. U.S. Forest Service</u>, 66 F.3d 1489, 1493 (9th Cir. 1995).

There is no dispute by defendant that this application for intervention is timely, that the applicant has a significant protectable interest in the subject of this action, and that the disposition of this action may impair or impede the applicant's ability to protect that interest.

The focus of this motion is on the final requirement, i.e., that the applicants' interest will be inadequately represented by the existing plaintiffs.

With respect to this factor, the Ninth Circuit sets forth the following standards in <u>Southwest Center for Biological Diversity v. Berg</u>, 268 F.3d 810, 822-823 (9th Cir. 2001):

> In determining whether a would-be interveners's interests will be adequately represented by an existing party, courts consider:
>
> (1) whether the interest of a present party is such that it will undoubtedly make all the interveners's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be interveners would offer any necessary elements to the proceedings that the other parties

5

>                  would neglect.
>
>         ... The prospective interveners bears the
>         burden of demonstrating that the existing
>         parties may not adequately represent its
>         interest ... However, the burden of showing
>         inadequacy is 'minimal,' and the applicant
>         need only show that representation of its
>         interests by existing parties 'may be'
>         inadequate.  In assessing the adequacy of
>         representation, the focus should be on the
>         'subject of the action,' not just the
>         particular issues before the court at the
>         time of the motion.

A legal issue raised in connection with this motion to intervene is whether a presumption of adequate representation applies to its resolution. Defendant refers to cases referring to such a presumption but AIAM takes the position that this presumption applies only to applications for intervention on the side of the public agency charged with enforcing or implementing challenged regulations or laws.

The court concludes that the standard is not limited as AIAM contends.  In Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir.), cert. denied, 540 U.S. 1017 (2003), further explained:

>         The most important factor in determining the
>         adequacy of representation is how the
>         interest compares with the interests of
>         existing parties ... When an applicant for
>         intervention and an existing party have the
>         same ultimate objective, a presumption of
>         adequacy of representation arises ... If the
>         applicant's interest is identical to that of
>         one of the present parties, a compelling
>         showing should be required to demonstrate
>         inadequate representation ....
>
>         There is also an assumption of adequacy when
>         the government is acting on behalf of a
>         constituency that it represents ... In the
>         absence of a 'very compelling showing to the

6

>     contrary,' it will be presumed that a state
>     adequately represents its citizens when the
>     applicant shares the same interest ... Where
>     the parties share the same ultimate
>     objective, differences in litigation strategy
>     do not normally justify intervention. ....
>     [Emphasis added]

While it appears that most of the cases discussing the presumption of adequate representation involve challenges to government action, as does <u>Arakaki</u>, the discussion by the Ninth Circuit quoted above implies that the presumption of adequate representation applies to any application for intervention "[w]hen an applicant for intervention and an existing party have the same ultimate objective ...." Furthermore, "[a] mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit."  Wright, Miller & Kane, 7C <u>Federal Practice and Procedure</u>, § 1909, p. 344 (1986).

   In contending that it has made the minimal showing of inadequacy of representation by the existing plaintiffs required by the Ninth Circuit, AIAM argues:

>     AIAM's ability to protect the interests of
>     its members is not adequately represented ...
>     because those plaintiffs represent different
>     automobile manufacturers which may have a
>     different perspective when its comes to
>     automotive fuel economy and emissions
>     standards and different goals in this
>     litigation.  As global manufacturers, AIAM'S
>     members have a critical need for both
>     national and international uniformity in
>     emissions and fuel economy standards that

7

>impact the design and manufacture of automobiles.  Accordingly, AIAM's proposed Complaint in Intervention is focused on this need for uniformity, and how Congress recognized the importance of uniform standards in enacting the preemptive provisions of both EPCA and the CAA.  The <u>Central Valley Chrysler-Jeep</u> plaintiffs may not share the same international perspective as AIAM, and their complaint raises issues not espoused by AIAM.  Therefore, the arguments they will advance concerning the constitutionality of the CARB Greenhouse Gas Regulations will likely be framed differently and have a different perspective than the arguments AIAM will raise.

The court has reviewed the proposed Complaint in Intervention.  It appears to raise the same essential issues as raised by the existing plaintiffs in the FAC.  The proposed Complaint in Intervention alleges only two claims: (1) a claim for declaratory and injunctive relief for preemption under the Federal Energy Policy and Conservation Act; and (2) a claim for declaratory and injunctive relief under the Federal Clean Air Act.  As noted, both of these claims are alleged in the FAC.  In its reply brief, AIAM refers to its proposed opposition to defendant's Motion to Dismiss, for which leave has not been granted to file.  AIAM asserts that it felt compelled to file this opposition because plaintiffs did not make "certain points concerning the finality of the regulations and the immediate burden on the automobile manufacturers that AIAM believed were important for the Court to consider."  AIAM contends that there is no reason to conclude that the existing plaintiffs will provide more adequate representation of AIAM in the future stages

8

of this litigation.

AIAM further contends that it has made the minimal showing that the existing plaintiffs will not adequately represent its interest:

> [N]ot all automobile manufacturers are similarly situated with regard to technology and product mix, and some manufacturers will consequently prioritize issues in this litigation differently from others.  Thus, in the event that this matter is resolved through a stipulated settlement between CARB and the <u>Central Valley Chrysler-Jeep</u> Plaintiffs - and without the involvement of and input from AIAM - there is the potential that AIAM's members will be prejudiced by the settlement.  The only way for AIAM to protect these unique interests of its members is to participate in this action.

In opposing this motion to intervene, defendant points out that the Alliance of Automobile Manufacturers (hereinafter referred to as the Alliance), an existing plaintiff in this action, is a trade association of nine car and light truck manufacturers including BMW of North American, LLC; DaimlerChrysler Corporation; Ford Motor Company; General Motors Corporation; Mazda North American Operations; Mitsubishi Motor Sales of America, Inc.; Porsche Cars North America, Inc.; Toyota Motor North America, Inc.; and Volkswagen of America, Inc. Members of the Alliance accounted for approximately 78% of sales in California in 2003 of all passenger cars, light duty truck and medium duty vehicle sales.  Defendant points out that Toyota Motor North America, Inc. is a member of both AIAM and the Alliance.  Toyota's market share of automobile and truck sales in

9

California in 2003 was approximately 18.88%.  Defendant also notes that DaimlerChrysler and General Motors Corporation are plaintiffs in this action.  DaimlerChrysler's market share of automobile sales in California in 2003 was approximately 11.32%.  DaimlerChrysler operates worldwide and sold 3.9 million units worldwide in 2004.  DaimlerChrysler's strategy "rests on four pillars: global presence, strong brands, broad product range, and technological leadership" and has a "global workforce and a global shareholder base", being owned by "European, U.S. and other international investors."  General Motors claims to be the world's largest automobile manufacturer and the "global industry sales leader since 1931" with manufacturing operations in 32 countries and vehicle sales in 200 countries.  In 2004, General Motors sold nearly 9 million cars and trucks worldwide and its market share of automobile and truck sales in California in 2003 was approximately 20.9%.  Defendant asserts that General Motors is a global partner with Fuji Heavy Industries, Ltd. [Subaru], Isuzu Motors Ltd., and Suzuki Motor Corporation of Japan.  Isuzu Motors Ltd. and Suzuki Motor Corporation of Japan are the parent companies of AIAM members Isuzu Motors America, Inc. and American Suzuki Motor Corporation, which two companies accounted for approximately 0.12% and 0.48% of AIAM's members' market share of sales in California in 2003.  General Motors also has technology collaborations and vehicle manufacturing ventures with Toyota, Suzuki and Renault, members of AIAM and General Motors owed 20.3% of Suzuki in 2004.  Mitsubishi Motor Sales of America, Inc., a

10

member of both the Alliance and AIAM, accounted for approximately 1.89% of automobile and truck sales in California in 2003 and DaimlerChrysler owns approximately 37% of Mitsubishi.  AIAM member Subaru of America, Inc. is owned by Fuji Heavy Industries, Ltd., which has formed a "strategic alliance" with General Motors Corporation that will allow "FHI to continue to enhance its product lineup through joint development with GM".  Subaru accounted for approximately 0.83% of sales for motor vehicles in California in 2003.  Aston Martin Lagonda of North America is owned by Ford Motor Company, a member of the Alliance.  In 2003, Ford's sales accounted for approximately 16.86% of California sales.

Defendant relies on these statistics in arguing that approximately half of AIAM's members' market share is already represented by the Alliance, General Motors and DaimlerChrysler and that the existing plaintiffs will adequately represent the interests of AIAM.

However, as AIAM responds, even though Toyota and Mitsubishi are members of both the Alliance and AIAM, there are ten other automobile manufacturers in AIAM who are not members of the Alliance, including such high volume manufacturers as Hond, Nissan and Hyundai.  AIAM argues that these members have just as significant an interest in this challenge to the proposed regulations as to the existing plaintiffs and have just as much a right to have their interests represented in this litigation. Furthermore, AIAM contends, there is no reason to believe that

11

the two common member companies will adequately represent the interests of the ten other AIAM members.

AIAM further argues that the Alliance and AIAM represent divergent interests in the automobile market and are, for the most part, competitors. AIAM's membership is limited to international automobile manufacturers while the Alliance welcomes all new car and light truck manufacturers. AIAM contends that defendant's analyses concerning the proposed regulations demonstrate that foreign manufacturers are situated quite differently from domestic manufactures in terms of green house gas emissions and fuel economy.

The court concludes that AIAM is entitled to intervention as of right. The existing plaintiffs and AIAM share the same ultimate objective in this litigation, i.e., to overturn the proposed regulation as preempted by federal law. However, because the members of the Alliance and AIAM are to some extent competitors, AIAM has demonstrated that the Alliance or the other existing plaintiffs might not act in this litigation to protect the interests of AIAM, particularly if the action is settled.

B.  Permissive Intervention.

Even if the court's conclusion that these applicants are entitled to intervention as of right is erroneous, the court concludes that these applicants are entitled to permissive intervention.

Permissive intervention is governed by Rule 24(b):

> Upon timely application anyone may be

12

>           permitted to intervene in an action ... when
>           an applicant's claim or defense and the main
>           action have a question of law or fact in
>           common ... In exercising its discretion the
>           court shall consider whether the intervention
>           will unduly delay or prejudice the
>           adjudication of the rights of the original
>           parties.

An applicant who seeks permissive intervention must demonstrate that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998).  "Even if the applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention ... In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties."  <u>Id</u>.

There is no dispute that the applicants satisfy the three threshold requirements.  The issue is whether permissive intervention will unduly delay the main action or unfairly prejudice the existing parties.

As AIAM contends, permissive joinder will not unduly delay the litigation because it is still in the preliminary stages and no discovery has yet commenced.

However, the court expresses its concern about the risk of undue delay because of AIAM's intervention be minimized by the parties.  The amount of paper already generated in this case is

13

staggering and includes not only the briefs pro and con, but numerous declarations and evidentiary submissions, objections to those declarations and/or evidence, and responses to those objections. In order to prevent the court and the parties from being overwhelmed, the court will require AIAM to coordinate its positions with the existing plaintiffs and to only file separate motions and/or briefs if the existing plaintiffs refuse or cannot factually make an argument AIAM considers relevant. In imposing this requirement, the court cautions that merely because counsel for AIAM believes he can word an argument better or that there may be a case that could be cited but was not, counsel for AIAM should not file a separate motion or brief. The court also requires that plaintiffs and AIAM coordinate scheduling and discovery with the other parties to this litigation to minimize time and expense.

ACCORDINGLY:

1. The motion to intervene filed by the Association of International Automobile Manufacturers is granted.

IT IS SO ORDERED.

**Dated: October 20, 2005**          /s/ Robert E. Coyle
668554                                UNITED STATES DISTRICT JUDGE

14