IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER-JEEP, et al., | No. CV-F-04-6663 REC/LJO |
| | ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. 144) |
| Plaintiff, | |
| vs. | |
| CATHERINE E. WITHERSPOON, | |
| Defendant. | |

On November 28, 2005, the court heard plaintiffs' Motion for Reconsideration.

Upon due consideration of the record and the arguments of the parties, the court denies the motion for reconsideration for the reasons set forth herein.

On July 25, 2005 the court heard defendant Catherine Witherspoon's motion to dismiss or transfer this action from the United States District Court for the Eastern District of California in Fresno to the United States District Court for the

1

Eastern District of California in Sacramento.  By Order filed on October 21, 2005, the court denied the motion.  The basic issue underlying defendant's motion was the relevance of harm to the plaintiffs in determining intra-district venue under Rule 3-120(b), Local Rules of Practice.  Rule 3-120(b) provides that cases "arising in" specified counties "shall" be commenced in either Sacramento or Fresno, depending on which counties are involved.  Defendant relied on Leroy v. Great Western United Corp., 443 U.S. 173 (1979) and District 1, Pacific Coast District, M.E.B.A. v. Alaska, 682 F.2d 797 (9th Cir. 1982) in contending that a claim challenging the propriety of a state law does not "arise" where its effects are felt.  The court concluded that the facts in Leroy and in District 1 are "simply too different from those before the court to make either case controlling in the determination of intra-district venue in this action."  The court ruled that proper intra-district venue in this action is controlled by the analysis set forth in Bay County Democratic Party v. Land, 340 F.Supp.2d 802 (E.D.Mich. 2004), which holds that a suit challenging a state law may be brought where the effects of that state law are felt.  The court concluded:

> The court has reviewed the record in this action and concludes that plaintiffs have demonstrated that venue is proper in the Fresno Division of the Eastern District of California under the standards articulated in Bay City Democratic Party.

The court then noted that defendant [incorrectly referred to as

2

plaintiff in the Order] requested at oral argument that the court certify the denial of the motion to dismiss on the ground of venue for immediate appeal pursuant to 28 U.S.C. § 1292(b). The court granted defendant's request, ruling in pertinent part:

> Section 1292(b) provides in pertinent part:
>
>> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; <u>Provided, however</u>, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
>
> Section 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. <u>United States Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966). Plaintiff [sic] must demonstrate that (1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. <u>In re Cement Antitrust Litigation</u>, 673 F.2d 1020, 1026 (9th Cir. 1982).

3

1
2
3
4

> "[A]ll that must be shown in order for a question [of law] to be 'controlling' is that resolution of the issue on appeal could affect the outcome of litigation in the district court." In re Cement Antitrust Litigation, id., 673 F.2d at 1026.

5
6

Here, the court concludes that the issue of where the claim arose for purposes of intra-district venue is a controlling question of law.

7
8
9
10
11
12

To demonstrate "a substantial ground for difference of opinion" on a question for Section 1292(b) certification, the moving party must show more than its own disagreement with a court's ruling. The term refers to the legal standard applied in the decision for which certification is sought and whether other courts have substantially differed in applying that standard. See Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993).

13
14
15
16

With regard to this factor, the court concludes that defendant has demonstrated a substantial ground for difference of opinion given defendant's position that the determination of intra-district venue is governed by Leroy and District 1.

17
18
19
20
21
22
23
24
25

The court concludes that an immediate appeal of the denial of defendant's motion to transfer venue to the Sacramento division of the Eastern District will materially advance the ultimate termination of this litigation. This is because a reversal by the Ninth Circuit of this court's ruling on intra-district venue may result in the vacation of any substantive rulings made by this court and the transfer of this action to the Sacramento Division. See Olberding v. Illinois Cent. R. Co., 346 U.S. 338 (1953); Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291 (3rd Cir. 1994); Gogolin & Stelter v. Karn's Auto Imports, Inc., 886 F.2d 100 (5th Cir. 1989); see also Bechtel v. Liberty Nat. Bank, 534 F.2d 1335 (9th Cir. 1976).

26

Accordingly, the court certifies the issue of

4

|   |   |
|---|---|
| 1 | intradistrict venue under 28 U.S.C. § 1391(b) and Rule 3-120(d), Local Rules of Practice, for immediate appeal pursuant to 28 U.S.C. 1292(b). |

Plaintiffs move for reconsideration of the court's certification of the intra-district venue ruling for immediate appeal pursuant to Section 1292(b).[1]

Plaintiffs first assert that venue for this action is proper in the Eastern District of California under 28 U.S.C. § 1391(b), an issue that is not disputed by defendant. Plaintiffs note that the Eastern District of California is not divided into separate divisions by statute as is the Central District of California. See 28 U.S.C. 84(b) & (c). Prior to its repeal in 1988, 28 U.S.C. § 1393 provided venue for those districts that were broken into divisions. However, Section 1393 only applied to determine venue in those district courts which had been divided into divisions by Congress. Weiss v. York Hospital, 745 F.2d 786, 811-812 (3rd Cir. 1984). Because the Eastern District is not divided into divisions by Congress, plaintiffs contend that venue is proper in the Eastern District.

Defendant responds that plaintiffs ignore 28 U.S.C. § 1406(a), which allows a district court "in which is filed a case laying venue in the wrong *division* or district" to dismiss the action or to transfer the action "to any district or *division* in

---

[1] The court considers the merits of the motion for reconsideration. Because defendant's request for certification pursuant to Section 1292(b) was not made until oral argument, plaintiffs were prevented from briefing the issue to the court.

5

which it could have been brought." [emphasis added].  Defendant argues that the effect of Rule 3-120(d) is to divide the Eastern District into divisions, noting that the parties and the court used the term "division" when briefing and resolving the motion to dismiss.  Defendant further argues that the plain language of Section 1406(a) gives her the right to insist that both inter-district and intra-district venue be proper.

However, as plaintiffs note, the Eastern District is not divided into two divisions by statute.  Therefore, defendant cannot rely on Section 1406(a) as authority to transfer this action to Sacramento.[2]

Plaintiffs further argue that this court's interpretation and application of Rule 3-120(b), Local Rules of Practice, that this case arose in the counties for which filing in Fresno is appropriate is not a controlling question of law for which an immediate appeal would materially advance the litigation.

First, plaintiffs contend, the court's construction of Rule 3-120(b) as allowing this case to be filed in Fresno because the case arose in the counties served by Fresno was an exercise of this court's discretion.  See Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir. 1983)(The district court has broad discretion in the interpretation and application of its

---

[2] Plaintiffs further argue that the repeal of Section 1393 negates the ability of a court to transfer venue from a wrong division to a correct division pursuant to Section 1406(a). Because this assertion is not necessary to the resolution of the motion for reconsideration, the court does not discuss it further.

6

local rules). Because the interpretation and application of a local rule is a matter of discretion, plaintiffs argue that the court's determination that the case was properly filed in Fresno is not a "controlling issue of law".

Defendant responds that the Local Rules are laws of the United States. <u>See</u> <u>United States v. Hernandez</u>, 251 F.3d 1247, 1251 (9th Cir. 2001):

> Congress has provided a statutory mechanism for promulgation of local rules by the district courts, which assures opportunity for public notice and comment, review by the judicial council of the relevant circuit, and availability to the public ... Local rules are 'laws of the United States,' ... and a district court's failure to comply with a local rule may be grounds for reversal if prejudice results.

Defendant, noting that Rule 3-120(b) provides that actions "arising in" the enumerated counties "shall be commenced" in the district court encompassing those counties, requires that cases be commenced in the appropriate court as designated by the rule, thereby providing defendant with a right to insist upon proper intra-district venue. Defendant further argues that the issue this court certified for interlocutory review, i.e., whether harm to the plaintiffs is part of the determination of where a case arises for purposes of Rule 3-120(b), is a question of law, not a question of this court's discretion.

Plaintiffs reply that Local Rule 3-120(b) does not "require" a case to be filed in either Sacramento or Fresno. In so arguing, plaintiffs note that Rule 3-120(f) provides:

7

> Whenever in any action the Court finds ... that an action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court *may* transfer the same to another venue within the District. [emphasis added]

Plaintiffs argue that the use of the word "may" in Rule 3-120(f) negates any obligation for the court to transfer an action commenced in the wrong court:

> Defendant's reading of the Local Rules would convert a rule of administrative convenience and good order for this Court into a mandatory statutory right for her to defend this action in Sacramento - which is a reading not supported by the discretionary text ('*may* transfer') used in the Rule.

Furthermore, although plaintiffs concede that venue determinations under statutes are reviewed by the Court of Appeal <u>de novo</u>, plaintiffs reiterate their position that this court interpreted and applied Rule 3-120(b), which interpretation and application is within the court's discretion and is subject to deferential review by the Court of Appeal and will only be reversed.

At issue in the underlying motion to dismiss was whether the term "arising in" in Rule 3-120(b) should be construed to allow the court to look to harm to the plaintiffs in determining proper intra-district venue.  Therefore, it is arguable that plaintiffs are correct in that this construction and application of the local rule was an exercise of this court's discretion and is, therefore, not a "controlling question of law" for the purpose of Section 1292(b).  However, it is also arguable that this court's

8

1 interpretation and application of Rule 3-120(b) is not a
2 situation wherein the court failed to comply with a local rule,
3 which raises a controlling question of law.
4     In the motion for reconsideration, the parties discuss the
5 question of what showing of prejudice would be required for the
6 Ninth Circuit to reverse this court's ruling, whether it be a
7 ruling of law or a ruling of discretion.  The court is not
8 persuaded of the relevance of these discussions to the resolution
9 of the motion for reconsideration.  As noted above, certification
10 under Section 1292(b) requires a showing of three factors: (1) a
11 controlling question of law; (2) substantial grounds for
12 difference of opinion, and (3) an immediate appeal may materially
13 advance the ultimate termination of the litigation.
14     As discussed above, it may be that the court's ruling
15 concerning the factor of harm to the plaintiffs in construing the
16 term "arising in" in Rule 3-120(b) might not be a controlling
17 question of law because the court's interpretation was an
18 exercise of its discretion.  However, it is apparent that there
19 are substantial grounds for difference of opinion on even this
20 issue.  Prejudice to the defendant does not come into this
21 analysis.  What is important is whether the court believes that
22 an immediate appeal to the Ninth Circuit on the issue of intra-
23 district venue might materially advance the ultimate termination
24 of this litigation.  Again, prejudice to the defendant does not
25 come into it.  The court granted certification of the intra-
26 district venue issue because a reversal by the Ninth Circuit of

this court's ruling on intra-district venue may result in the vacation of any substantive rulings made by this court and the transfer of the action to Sacramento, an outcome that will not materially advance the ultimate termination of this litigation. Plaintiffs argue that interlocutory review of the issue will not materially advance the ultimate termination of the litigation because interlocutory review could delay the trial scheduled for January 16, 2007 and contend that they are willing to bear the risk of a reversal of this court's intra-district venue ruling on appeal at the conclusion of this action.  In so asserting, plaintiffs note that they will be subject to the compliance deadlines of the contested regulation if the Ninth Circuit accepts the interlocutory appeal and does not issue a stay. However, this court has not stayed the prosecution of this action pending a decision by the Ninth Circuit whether to accept interlocutory review of the intra-district venue issue. Therefore, the parties can proceed with discovery and other pre-trial preparation.  If the Ninth Circuit does not accept interlocutory review, then the parties have lost nothing in terms of preparation for trial.[3]  If the Ninth Circuit accepts the

---

[3] Plaintiffs further request that the court enter findings of fact and conclusions of law proposed by plaintiffs (and submitted with this motion for reconsideration) in order to assist the Ninth Circuit in deciding whether to permit the appeal under Section 1292(b) and, if so, what action to take on that appeal. This request is denied.  The issue on interlocutory appeal is whether harm to the plaintiffs is a factor to be considered by the court in construing "arising in" in Rule 3-120(b).  The court has made its ruling in this regard and has further ruled that plaintiffs made the requisite showing of harm to allow this action to be commenced

10

1 | interlocutory appeal, plaintiffs may at that time determine the
2 | best way to proceed to protect their interests.
3 | ACCORDINGLY:
4 | 1. Plaintiffs' Motion for Reconsideration is denied.
5 | IT IS SO ORDERED.
6 | **Dated:   December 19, 2005**              /s/ Robert E. Coyle
  | 668554                                      UNITED STATES DISTRICT JUDGE

---

in Fresno. That is sufficient for the Ninth Circuit. Furthermore, as Rule 52(a), Federal Rules of Civil Procedure, provides "[f]indings of fact and conclusions of law are unnecessary on decisions on motions under Rule 12 ...."

11