

MAR 2 3 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER-JEEP, INC., KITAHARA PONTIAC GMC BUICK, INC., MADERA FORD MERCURY, INC., MADERA CHEVROLET, FRONTIER DODGE, INC., TOM FIELDS MOTORS, INC., PISTORESI CHRYSLER DODGE JEEP, BOB WILLIAMS CHEVROLET, COURTESY OLDSMOBILE CADILLAC, INC., MERLE STONE CHEVROLET, INC., MERLE STONE PORTERVILLE, INC., STURGEON AND BECK INCORPORATED, SWANSON FAHRNEY FORD, INC., GENERAL MOTORS CORPORATION, DAIMLERCHRYSLER CORPORATION, TULARE COUNTY FARM BUREAU, and the ALLIANCE OF AUTOMOBILE MANUFACTURERS, | **Case No. CV-F-04-6663 REC LJO**<br><br>**Hon. Robert E. Coyle**<br>**Mag. Judge Lawrence J. O'Neill**<br><br>**Trial Date: January 16, 2007** |

Plaintiffs,

ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS

Plaintiff-Intervenor,

v.

Catherine E. WITHERSPOON, in her official capacity as Executive Officer of the California Air Resources Board,

Defendant,

SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, and ENVIRONMENTAL DEFENSE,

Defendant-Intervenors,

BLUEWATER NETWORK, GLOBAL EXCHANGE, AND RAINFOREST ACTION NETWORK

Defendant-Intervenors.

{6473/003/00186840.DOC}                     1

STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION

1
2

## STIPULATION AND PROTECTIVE ORDER
## REGARDING HANDLING OF CONFIDENTIAL INFORMATION

3
4

Pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY STIPULATED and AGREED by the undersigned signatories:

5
6
7
8
9
10
11

Some of the Plaintiffs and Non-Parties are involved in the manufacture or sale of automobiles and automotive components and are engaged in commercial transactions within industries that are highly competitive and involve technical information, the misuse and/or the disclosure of which could harm the interests of the Plaintiffs and Non-Parties, by, for example and without limitation, enabling a competitor to gain an unfair commercial advantage or by otherwise causing commercial harm.

12
13
14
15

This Stipulation and Protective Order, which restricts the Parties' use and dissemination of Highly Confidential Information, is necessary and appropriate to facilitate discovery of both Parties and Non-Parties in this matter, and to facilitate the Defendant's access to the documents filed by Plaintiffs in May 2005 under seal with this Court.

16

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that:

17
18
19

This Stipulation and Protective Order shall govern handling of all Highly Confidential Information obtained in this matter, whether obtained directly or indirectly, and whether produced by or obtained from any Party or any Non-Party.

20
21

1.    *Definitions.*  As used herein, capitalized terms shall have the following meanings:

22
23
24
25
26
27
28

a)    "Highly Confidential Document" means any document, or any part thereof, that bears the legend (or which otherwise shall have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN Central Valley Chrysler-Jeep, Inc., et al. v. Witherspoon, CV-F-04-6663, E.D. Cal.," unless the Court determines that any such document is not entitled to such confidential treatment.

{6473/003/00186840.DOC}                                2

The term "document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation any written, recorded, electronically stored, or graphic material.   By designating a document a "Highly Confidential Document," a Party or Non-Party signifies that it has a good faith belief that such a document may reasonably contain Highly Confidential Information as defined below.

b)   "Highly Confidential Information" means information in any form, which is not or was not lawfully publicly available, including, without limitation, Highly Confidential Documents and the information contained therein or derived therefrom, whether obtained directly or indirectly from a Party or Non-Party which:

i)   the Party or Non-Party who produced, provided or generated such information considers to contain confidential business information, trade secrets or proprietary information which relates to, consists of, refers to, evidences, describes, or reflects, without limitation:  (a) competitively sensitive emissions and/or fuel economy designs and formulations; (b) product plans or "cycle plans"; (c) compliance strategies; (d) costing or pricing information;   (e) manufacturing   techniques;   (f)   future manufacturing plans, marketing plans or strategies; (g) the timing, content or powertrain lineup of any future products; (h) design development, verification, or testing of any future products; or (i) competitively sensitive materials related to (a)-(h) above; or

1
2
3

    ii)    the Party or Non-Party previously received or produced pursuant to one or more contractual arrangements or court orders that otherwise precludes disclosure; or

4
5
6
7
8
9

    iii)   the Party or Non-Party has (a) designated as confidential under 40 C.F.R. Part 2, Subpart B; and/or (b) designated as confidential under 18 U.S.C. § 1905; and/or (c) designated as confidential to California's Air Resources Board; and/or (d) designated as confidential under any other statute or regulation which may restrict disclosure; or

10
11

    iv)   has previously been filed with the Court under seal in this proceeding; or

12
13
14
15
16
17
18

    v)    constitutes discovery material in this action that is designated as "HIGHLY CONFIDENTIAL," including, without limitation, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

19
20
21

    c)    "Non-Party" or "Non-Parties" shall mean each entity or individual, other than the Parties that produces Highly Confidential Information in the course of this action.

22
23
24
25
26

    d)    "Outside Counsel of Record" means the firm(s) of attorneys, or sole practitioner(s), as the case may be, who is (are) not employed by the Parties, but rather is (are) retained for the purpose of representing a Party in these proceedings, provided that, such persons have entered an appearance in this matter and are not:

27
28

    i)    involved in competitive decision-making of a Party or Non-Party or the competitor of a Party or Non-Party, *i.e.*, Outside Counsel

{6473/003/00186840.DOC}

4

of Record's activities, association, and relationship with a client do not involve giving advice about or participating in the business decisions of the client or of any competitor of a Party or Non-Party; or

ii)   involved in providing representation to a Party or Non-Party or a competitor of a Party or Non-Party regarding intellectual property rights.

To the extent that Outside Counsel of Record are law firms in which certain members of the firm engage in the activities set forth in (d)(i) - (d)(ii), such firms must institute appropriate screening measures to restrict access to Highly Confidential Information such that those members of the firm who would be disqualified from receiving such information under this Paragraph do not have access to it.

e)   For purposes of this Stipulation and Protective Order, Outside Counsel of Record also includes any attorney representing the Defendant Catherine Witherspoon, provided that such a person is exclusively employed by the State of California and is customarily entrusted with receiving and keeping confidential information received from Parties and Non-Parties and those attorneys are identified to the Parties.

f)   "Outside Consultants" means consultants or experts who are not employed by the Parties, but rather are retained for the purpose of assisting Outside Counsel of Record or a Party in this proceeding, provided that the Outside Consultants are not involved in competitive decision-making, *i.e.*, Outside Consultants' activities, association, and relationship with a client do not involve advice about or participation in the business decisions of the client or any competitor of a Party or Non-Party, nor are they involved in advising any Party or Non-Party in

connection with its intellectual property rights. For purposes of this Stipulation and Protective Order, Outside Consultants also include those persons who are exclusively employed by the Air Resources Board and who are assisting in the defense of this proceeding.

g) "Reviewing Party" means a person who has obtained access to Highly Confidential Information pursuant to Paragraphs 6 and 9 of this Stipulation and Protective Order.

h) "Producing Party" means the Party or Non-Party which produces, provides, or generates Highly Confidential Information that becomes available through discovery in this proceeding.

2. *Prior Designation of Confidentiality.* Each Party or Non-Party may have in this proceeding designated information, data, documents and other material as Highly Confidential Information within the meaning of this Stipulation and Protective Order. Such designation may have been made by separate written notice; by incorporation into, attachment to, stamped on or otherwise made part of the subject material designated as Highly Confidential Information; by a statement on the record; or by a transmittal letter or other document. All such past designations, to the extent notice of such designation has been provided, shall operate to bring any information so designated within the definition of Highly Confidential Information, and to require the Parties to treat such designated information as Highly Confidential Information under the terms of this Stipulation and Protective Order. Any objection to such designation shall be made under, and governed by, the terms of this Stipulation and Protective Order, except that the Court, consistent with its authority, may give effect to any other nondisclosure agreement, protective order or confidentiality provision to which such information may be subject as the Court deems appropriate.

3. *Subsequent Identification of Highly Confidential Information.* Any information or documents previously produced without the designation "Highly Confidential" may, in the future, be designated as Highly Confidential Information by a Party or Non-Party by providing

{6473/003/00186840.DOC}                                    6

1    written notice to the Outside Counsel of Record for the Parties. This notice must specifically

2    describe the information or document to be designated as Highly Confidential Information so

3    that Outside Counsel of Record can identify, to Reviewing Parties, each item of information,

4    and each page or part of such information or document, that is so designated. Following any

5    such notification, the Parties shall follow the procedures set forth in Paragraphs 18-20 herein.

6        4.    *Withdrawal of Designation of Highly Confidential.* Any Party or Non-Party

7    may withdraw its designation of any information or document as Highly Confidential

8    Information by providing written notice to the Outside Counsel of Record for the Parties.

9        5.    *Use of Highly Confidential Information.* Reviewing Parties shall use Highly

10   Confidential Information solely for the conduct of this proceeding as expressly set forth herein,

11   and shall not use such documents or information for any other purpose, including without

12   limitation business, governmental, political, lobbying, public policy, public relations, or

13   commercial purposes, or in other administrative, regulatory or judicial proceeding. Nothing in

14   this Order shall be interpreted to prohibit or limit Producing Parties from using their own

15   Highly Confidential Information (or Highly Confidential Information they obtained from other

16   Producing Parties in the course of their business) as necessary to conduct their own business.

17   To the extent that Highly Confidential Information is already lawfully in the possession of the

18   Air Resources Board ("ARB") or other governmental agency for purposes independent of this

19   litigation, or if Highly Confidential Information is submitted by a Party or Non-Party to the

20   ARB or other governmental agency in the future for purposes independent of this litigation,

21   then the ARB and its staff may use such Highly Confidential Information for purposes that are

22   otherwise permitted by law. To the extent that Highly Confidential Information is already

23   lawfully in the possession of the Defendant-Intervenors, or Defendant-Intervenors lawfully

24   obtain such Highly Confidential Information independent of this litigation, then nothing in this

25   Stipulation and Protective Order shall affect whatever rights, if any, the Defendant-Intervenors

26   otherwise have with respect to the lawful use of such information.

27

28

6.      *Permissible Disclosure.* Subject to the requirements of Paragraph 9, Highly Confidential Information may be reviewed by Outside Counsel of Record and Outside Consultants. Subject to the requirements of Paragraph 9, Outside Counsel of Record and Outside Consultants may disclose Highly Confidential Information only to: (1) attorneys, paralegals or other employees of such Outside Counsel of Record or Outside Consultants, not described in clause 2 of this Paragraph 6, assisting Outside Counsel of Record or Outside Consultants in this proceeding; (2) employees of such Outside Counsel of Record or Outside Consultants involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving documents or data or designing programs for handling data connected with this proceeding, or performing other clerical or ministerial functions with regard to documents connected with this proceeding; and (3) employees of third-party contractors performing one or more of the functions set forth in clause 2 of this Paragraph 6. Reviewing Parties may discuss and share Highly Confidential Information with any other Reviewing Party that has access to the same Highly Confidential Information. Upon entry of this Stipulation and Protective Order, counsel for Plaintiffs and for Plaintiff-Intervenors shall provide Outside Counsel of Record for the Defendant and for Defendant-Intervenors with copies of all documents filed under seal in this action.

In addition, Defendant-Intervenors have sought access to Highly Confidential Information by in-house attorneys and in-house consultants of Defendant-Intervenors, and Plaintiffs and Plaintiff-Intervenors have objected to such disclosure. That issue is under consideration by the Court, and the entry of this Order is without prejudice to the resolution of that issue, and this Order may be amended to address that issue.

7.      *Protection of Highly Confidential Information.* Reviewing Parties shall ensure that access to Highly Confidential Information is strictly limited as prescribed in this Stipulation and Protective Order. Reviewing Parties shall  ensure that:  (1) Highly Confidential Information is used only as provided in this Stipulation and Protective Order; and (2) Highly Confidential Information is not duplicated except to the minimum extent necessary

for use as permitted by this Stipulation and Protective Order (with appropriate security measures taken to ensure that any such copies are maintained in a confidential manner).

8.    *Prohibited Copying.* Notwithstanding Paragraph 7, if, in the judgment of the Producing Party, or Party or Non-Party to which Highly Confidential Information belongs, a Highly Confidential Document contains information so sensitive (even given its Highly Confidential designation) that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited," and no copies of such document, in any form, shall be made, except that a Reviewing Party may record its mental impressions and a description sufficient to refer to the Highly Confidential Document in papers filed with the Court under seal under Paragraph 10. It is intended that the "Copying Prohibited" legend be used sparingly, for only the most sensitive and confidential information, including but not limited to, original source code.

9.    *Procedures for Obtaining Access to Highly Confidential Information.* In all cases where access to Highly Confidential Information is sought pursuant to Paragraph 6, before reviewing or having access to any Highly Confidential Information, each Outside Counsel of Record or Outside Consultant shall be identified to the Party or Non-Party from which the person seeks Highly Confidential Information, including a description of the person's professional affiliation(s). The Party or Non-Party from which the person seeks access to Highly Confidential Information may object to such access by petitioning the Court within ten business days of notice, and shall seek the matter to be heard on an expedited basis. Before obtaining access to Highly Confidential Information, each person must execute the attached Confidentiality Agreement and serve it upon Outside Counsel of Record for the Party or Non-Party from which it seeks the Highly Confidential Information. Highly Confidential Documents shall be made available electronically, including through secure web-based medium, if appropriate security can be assured. To the extent that this Paragraph requires the disclosure of non-testifying consultants who would otherwise not need to be disclosed, a Party may instead file a copy of such consultants' signed Confidentiality Agreement with the

{6473/003/00186840.DOC}                                     9

1  Magistrate, to be reviewed only (1) at the end of the proceedings by the Producing Party whose

2  Highly Confidential Information was reviewed by such consultant and that Producing Party

3  shall not disclose the identify of such consultants except to the extent reasonably necessary in

4  specific instances to protect the confidentiality of the information reviewed; or (2) upon any

5  unauthorized and unexplained disclosure of Highly Confidential Information, after application

6  to the Magistrate.

7      10.    *Filings with the Court.*  In any documents filed in this proceeding, no reference

8  shall be made to Highly Confidential Information unless such documents are filed as sealed

9  documents in accordance with the requirements of this Court's local rules.

10          a)    The portion(s) of the pleading containing Highly Confidential

11                Information shall be served on the Court, and Outside Counsel of

12                Record for each Party, if they have signed the attached Confidentiality

13                Agreement.

14          b)    Parties should not provide courtesy copies of pleadings containing

15                Highly Confidential Information to the Court unless the Court so

16                requests. Any courtesy copies shall be submitted under seal, only in

17                sealed envelopes on which shall be endorsed the caption of this case.

18
19      11.    *Designation of Highly Confidential Information in Discovery Responses.*  A

20  written answer to a discovery request of any kind may be designated as Highly Confidential

21  Information, and marked with the legend "HIGHLY CONFIDENTIAL INFORMATION –

22  SUBJECT TO PROTECTIVE ORDER IN Central Valley Chrysler-Jeep, Inc., et al. v.

23  Witherspoon, CV-F-04-6663, E.D. Cal." If filed, any highly confidential portions of, and

24  exhibits to, any such answer or response shall be filed under seal pursuant to Paragraph 10,

25  separate from the portions and exhibits not so marked.

26      12.    *Designation of Highly Confidential Information in Depositions.*  A Party (or any

27  Non-Party that generated highly confidential testimony or documents) may, within ten (10)

28  business days after receiving a transcript of a deposition, designate pages of the transcript (and

{6473/003/00186840.DOC}                              10

1   exhibits thereto) as Highly Confidential Information.  Such Highly Confidential Information
2   within the deposition transcript may be designated only by marking the portions of the pages
3   that are highly confidential and inserting on such pages the legend:   "HIGHLY
4   CONFIDENTIAL INFORMATION -- SUBJECT TO PROTECTIVE ORDER IN Central
5   Valley Chrysler-Jeep, Inc., et al. v. Witherspoon, CV-F-04-6663, E.D. Cal.."  Until the
6   expiration of the period during which highly confidential designations may be made, the entire
7   deposition will be treated as subject to protection as Highly Confidential Information.  If a
8   Highly Confidential Information designation is made, the portions and exhibits containing
9   Highly Confidential Information, when filed, shall be filed under seal pursuant to Paragraph
10  10, separate from the portions and exhibits not so marked.  If any depositions are videotaped or
11  digitally recorded, those portions of the videotape or recording corresponding to portions of the
12  deposition transcript designated as Highly Confidential shall be afforded the same status.

13       13.    *Challenge to Designation of Highly Confidential Designation or Copying*
14  *Prohibited Designation.*  Any Party seeking to challenge a designation of material as Highly
15  Confidential Information and/or Copying Prohibited may make a motion or other appropriate
16  expedited application to the Court, or in the manner as specified by the Magistrate in this
17  proceeding, to strike the designation.  Such motion or application shall identify with specificity
18  the Highly Confidential Information and/or Copying Prohibited document that is the subject of
19  the motion, but shall not disclose or reveal the contents of that information except in the manner
20  prescribed by Paragraph 10.  If such a motion or application is made, the Highly Confidential
21  Information that is the subject of the motion shall continue to be treated as such unless, and
22  until, the Court directs that such designation be stricken.  The Party or Non-Party claiming any
23  information or any document as Confidential Information and/or Copying Prohibited has the
24  burden of establishing that it meets the standards for such designations.  If the party whose
25  information is the subject of such motion or application fails to oppose the motion or
26  application, the information shall be deemed non-confidential.  Any Party seeking to challenge
27  another Party's, or Non-Party's, designation of material as Highly Confidential Information

{6473/003/00186840.DOC}                          11

1  and/or Copying Prohibited shall, prior to making a motion or application to strike such
2  designation, contact the Party or Non-Party that made such designation and make a good faith
3  effort to resolve any dispute concerning the designation. A motion or application to strike shall
4  identify the moving party's efforts to comply with this Paragraph 13 and shall state that the
5  Parties or Non-Parties were unable to resolve the dispute concerning the designation.

6        14.   *Designation of Highly Confidential Information for Use at Trial.* A Party (or
7  any Non-Party that generated highly confidential testimony or documents) may request judicial
8  designation of testimony or documents as Highly Confidential Information before the affected
9  testimony or documents are offered at trial. Any Reviewing Party intending to offer any Highly
10 Confidential Information at trial must inform the Court, counsel for the Producing Party, and
11 Outside Counsel of Record that such document is subject to the terms of this Order before
12 offering it. If the Court designates any such testimony or documents as Highly Confidential
13 Information, a Party (or the Non-Party that generated such testimony or documents) may
14 request that the Court exclude from the courtroom any person who has not agreed to be bound
15 by this Stipulation and Protective Order. If testimony is elicited or documents are referred to
16 that are similarly sensitive, a Party (or the Non-Party that generated such testimony or
17 documents) may also request the Court to designate the testimony just received or documents
18 just referred to as Highly Confidential Information. Furthermore, within seven (7) business
19 days of the time any transcript of these proceedings is produced, a Party (or any Non-Party that
20 either generated highly confidential information or whose highly confidential information was
21 the subject of testimony or contained within documents) may request that the Court order
22 relevant portions of the transcript be designated as Highly Confidential Information and placed
23 under seal.
24

25       15.   *Client Consultation.* Nothing in this Stipulation and Protective Order shall
26 restrict Outside Counsel of Record from rendering advice to their clients relating to the conduct
27 of this proceeding and, in the course thereof, relying generally on examination of Highly
28 Confidential Information; *provided, however*, that in rendering such advice and otherwise

{6473/003/00186840.DOC}        12

1 communicating with such client, Outside Counsel of Record shall not disclose Highly
2 Confidential Information.

3   16.   *No Waiver of Confidentiality.*  Disclosure of Highly Confidential Information as
4 provided herein by any person shall not be deemed a waiver of any privilege or entitlement to
5 confidential treatment of such Highly Confidential Information by any Producing Party, or
6 Party or Non-Party to which Highly Confidential Information belongs.  By viewing this
7 information, persons described in Paragraph 6 agree:  (1) not to assert any such waiver; (2) not
8 to use Highly Confidential Information to seek disclosure in any other proceeding; and (3) that
9 accidental disclosure of Highly Confidential Information by a Party or Non-Party shall not be
10 deemed a waiver of any privilege or entitlement as long as the Producing Party, or Party or
11 Non-Party to which Highly Confidential Information belongs, takes remedial action as set forth
12 in the following Paragraph.

13   17.   *Inadvertent Disclosure of Highly Confidential Information.*  Upon realization of
14 inadvertent disclosure, notice of such inadvertent disclosure must be given immediately to
15 Outside Counsel of Record by the Party or Non-Party making such disclosure or by the Party or
16 Non-Party claiming confidentiality. Such notice may initially be made orally, but shall be also
17 put in writing.  A copy of the inadvertently disclosed Highly Confidential Information, with
18 appropriate confidentiality designations, must accompany such written notification.

19

20   18.   If a Party or Non-Party subsequently designates any document or material or
21 other information as Highly Confidential Information after inadvertent disclosure as described
22 in the preceding Paragraph 17, the Parties shall:

23        a)     employ all reasonable efforts to ensure that all such inadvertently
24               disclosed Highly Confidential Information is thereafter destroyed; and
25        b)     treat each such inadvertently disclosed item as Highly Confidential
26               Information as soon as the Parties' Outside Counsel of Record receives
27               written notice.

28

{6473/003/00186840.DOC}                              13

1  19.     Before receiving written notice pursuant to Paragraph 17 of this Stipulation and
2  Protective Order, the inadvertent disclosure of Highly Confidential Information to persons not
3  authorized to receive such information shall not be deemed a violation of this Stipulation and
4  Protective Order.

5  20.     *Inadvertent Disclosure of Privileged Information.* When a Party or Non-Party
6  produces information without intending to waive a claim of privilege it may, within a
7  reasonable time, notify any Party that received the information of its claim of privilege. After
8  being notified, a Party must promptly return, sequester, or destroy the specified information
9  and any copies.

10 21.     *Reservations.* Entering into, agreeing to or complying with the provisions of
11 this Stipulation and Protective Order shall not: (1) operate as admission that any particular
12 material contains Highly Confidential Information; or (2) prejudice any right to seek a
13 determination by the Court (a) whether particular material should be produced or (b) if
14 produced, whether such material should be subject to the provisions of this Stipulation and
15 Protective Order.

16 22.     *Subpoena by Courts, Departments or Agencies.* If a court, or a federal or state
17 department or agency issues a subpoena for, or orders production of, Highly Confidential
18 Information that a Party has obtained under terms of this Stipulation and Protective Order, such
19 Party shall promptly notify the Producing Party, and the Party or Non-Party to which Highly
20 Confidential Information belongs, of the pendency of such subpoena or order. Consistent with
21 the independent authority of any court, department or agency, such notification must be
22 accomplished such that the Producing Party, and the Party or Non-Party to which Highly
23 Confidential Information belongs, has a reasonable opportunity to oppose such production
24 prior to the production or disclosure of any Highly Confidential Information.
25

26 23.     *Violations of Stipulation and Protective Order.* If any signatory that has
27 obtained access to Highly Confidential Information under this Stipulation and Protective Order
28 violates any of its terms, that person or entity shall immediately convey that fact to the
{6473/003/00186840.DOC}                                   14

1  Producing Party, and the Party or Non-Party to which Highly Confidential Information belongs
2  and the violating person or entity shall take all necessary steps to immediately remedy the
3  improper disclosure. Nothing in this Stipulation and Protective Order shall limit any other
4  rights and remedies available to the Producing Party, and the Party or the Non-Party to which
5  Highly Confidential Information belongs, at law or in equity against any person using Highly
6  Confidential Information in a manner not authorized by this Stipulation and Protective Order.
7  For each non-inadvertent disclosure of Highly Confidential Information (or for any inadvertent
8  disclosure for which all necessary steps are not immediately taken to remedy the improper
9  disclosure upon discovery of the inadvertent disclosure), by any person or entity who has
10 gained access to Highly Confidential Information pursuant to this Stipulation and Protection
11 Order, such person or entity may be held in contempt and shall be subject to any further
12 penalties and sanctions that this Court shall authorize.

13     24.     *Termination of Proceeding.* The provisions of this Stipulation and Protective
14 Order shall not terminate at the conclusion of this proceeding. Within 30 days after conclusion
15 of this proceeding, which includes any final administrative or any final judicial appellate
16 review, persons described by Paragraph 6 shall return, to the Producing Party any Highly
17 Confidential Information and all copies of the same or shall certify the destruction of such
18 material. No material whatsoever derived from Highly Confidential Information may be
19 retained by any person having access thereto, except Outside Counsel of Record (as described
20 in Paragraph 6) may retain, under the continuing strictures of this Stipulation and Protective
21 Order, two copies of pleadings (one of which may be in electronic format) containing Highly
22 Confidential Information. All Outside Counsel of Record shall make certification of
23 compliance herewith and shall deliver the same to Outside Counsel of Record for the
24 Producing Party not more than 30 days after conclusion of this proceeding.

25     25.     Any party, entity or person covered by this Stipulation and Protective Order
26 may at any time apply to the Court for relief from any provision of this Stipulation and
27 Protective Order.

{6473/003/00186840.DOC}                      15

1        26.     Other entities or persons may be included in this Stipulation and Protective

2   Order by acceding to its provisions in a writing served upon Outside Counsel of Record for the

3   Parties, with such writings to be filed with the Court if so directed.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED AND AGREED BY:**

Dated: March 22, 2006

/s/ Andrew B. Clubock

Andrew B. Clubock
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 20005
Telephone: (202) 879-5000
Fax: (202) 879-5200

*Attorney for all Plaintiffs*

STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION

**STIPULATED AND AGREED BY:**

Dated: March 22, 2006

/s/ Charles H. Haake
Charles H. Haake
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
Telephone: (202) 955-8500
Fax: (202) 467-0539

*Attorney for Plaintiff-Intervenor,*
*Association of International Automobile Manufacturers*

{6473/003/00186840.DOC}

18

**STIPULATED AND AGREED BY:**

Dated: March 22, 2006

/s/ Kathleen A. Kenealy
Kathleen A. Kenealy
Deputy Attorney General
1300 "I" Street, Suite 125
P.O. Box 944244
Sacramento, CA 94244-2550
Telephone: (510) 622-2133
Fax: (510) 622-2270

*Attorney for Defendant Catherine E. Witherspoon*

{6473/003/00186840.DOC}

19

**STIPULATED AND AGREED BY:**

Dated: March 22, 2006

/s/ David Bookbinder
David Bookbinder
SIERRA CLUB
408 C Street, NE
Washington, DC 20002
Telephone: (202) 548-4598
Fax: (202) 547-6009

*Attorney for Defendant-Intervenors*
*Sierra Club, Natural Resources Defense Council, and*
*Environmental Defense*

{6473/003/00186840.DOC}                    20

**STIPULATED AND AGREED BY:**

Dated: March 22, 2006

/s/ Danielle R. Fugere
Danielle R. Fugere
BLUEWATER NETWORK
311 California Street, Suite 510
San Francisco, CA 94104
Telephone: (415) 544-0790 x15
Fax: (415) 544-0796

*Attorney for Defendant-Intervenors*
*Bluewater Network, Global Exchange,*
*and Rainforest Action Network*

{6473/003/00186840.DOC}                    21

**IT IS SO ORDERED**

this 22 day of _____ March _____, 2006.

_____
United States Magistrate Judge

{6473/003/00186840.DOC}                    22

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER-JEEP, INC., CENTRAL VALLEY CHRYSLER-JEEP, INC., KITAHARA PONTIAC GMC BUICK, INC., MADERA FORD MERCURY, INC., MADERA CHEVROLET, FRONTIER DODGE, INC., TOM FIELDS MOTORS, INC., PISTORESI CHRYSLER DODGE JEEP, BOB WILLIAMS CHEVROLET, COURTESY OLDSMOBILE CADILLAC, INC., MERLE STONE CHEVROLET, INC., MERLE STONE PORTERVILLE, INC., STURGEON AND BECK INCORPORATED, SWANSON FAHRNEY FORD, INC., GENERAL MOTORS CORPORATION, DAIMLERCHRYSLER CORPORATION, TULARE COUNTY FARM BUREAU, and the ALLIANCE OF AUTOMOBILE MANUFACTURERS,<br><br>Plaintiffs,<br><br>v.<br><br>Catherine E. WITHERSPOON, in her official capacity as Executive Officer of the California Air Resources Board,<br><br>Defendant. | Case No. CV-F-04-6663 REC LJO<br><br>Hon. Robert E. Coyle<br>Mag. Judge Lawrence J. O'Neill<br><br>Trial Date:  January 16, 2007 |

## EXHIBIT A

### Confidentiality Agreement

I hereby acknowledge that I have received and read a copy of the foregoing Stipulation and Protective Order in the above-captioned proceeding, and I understand it.  I agree that I am bound by the Stipulation and Protective Order and that I shall not disclose or use Highly Confidential Information except as allowed by the Stipulation and Protective Order.

I acknowledge that it is my obligation to ensure that:  (1) Highly Confidential Information is used only as provided in the Stipulation and Protective Order; and (2) Highly Confidential Documents are not duplicated except as specifically permitted by the terms of Paragraphs 7 and 10 of the Stipulation and Protective Order, and I certify that I have verified that procedures are in place at my firm, office, or other place where I conduct business, as well as my residence, to prevent unauthorized disclosure of Highly Confidential Information.

{6473/003/00186840.DOC}                 23

1

2       I consent to the jurisdiction of the United States District Court in the Eastern District of California for purposes of determining my compliance with the Stipulation and Protective Order, and any civil or criminal sanction for my failure to comply.  I understand that nothing in the Stipulation and Protective Order shall limit any other rights and remedies available, at law or in equity, to the Producing Party, and the Party or Non-Party to which Highly Confidential Information belongs.

3

4

5       Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Stipulation and Protective Order.

6

7       Executed at _____ this ____ day of _____, _____.

8

9

10

11                           Name

12                           Position

13

14                           Company/Firm

15

16

17                           Business Address

18

19                           Business Telephone

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION