IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER VALLEY JEEP, INC., et al.,<br><br>        Plaintiff,<br><br>vs.<br><br>CATHERINE E. WITHERSPOON,<br><br>        Defendants.<br>_____/ | CASE NO. **CV-F-04-6663 REC LJO**<br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL WRITTEN REPORTS OF EMPLOYEE-DESIGNATED EXPERTS** (Doc 219) |

      Defendant Catherine Witherspoon moves to compel the production of written expert exports for plaintiffs' seven (7) employee-designated experts. Plaintiffs provided reports for the five retained experts but refuse to provide expert reports for the employee-designated experts on the grounds that Rule 26 does not require employees who do not regularly testify as experts to provide reports. On May 5, 2006, defendant filed her notice of motion and on May 23, 2006, the parties filed a joint statement re discovery disagreement pursuant to Local Rule 37-251. The matter came on regularly for hearing on May 26, 2006 in Department 8 of the above-entitled court. Plaintiffs appeared by telephone by counsel Tim Jones, Andrew Clubok, and Derek Bentsen. Defendant appeared by telephone by counsel Ellen Peter and Kate Keneally. Defendant intervenors appeared by telephone by counsel Danielle Fugere.

**Analysis and Discussion**

      The written report requirement is stated in Federal Rule of Civil Procedure 26(a)(2)(B): "Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is

retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness." Federal Rules of Civil Procedure Rule 26 (a)(2)(B).

Plaintiffs rely on the plain language of Rule 26(a)(2)(B) to argue that they are not required to provide written reports of their employees who do not regularly testify.  Defendant implicitly acknowledges that employee experts are not required to provide reports, pursuant to the plain language; but argues the policy of "full disclosure" in civil litigation.  There is no controlling 9th Circuit authority on the issue, as the parties acknowledge.  Both parties have cited to out-of-district cases.

At oral argument, defendant argued that the employee-designated experts occupy highly technical positions and more focused depositions could be taken with expert reports. Plaintiffs argued that of the seven employee designated experts, six are hybrid fact witness/experts, who have been designated as fact witnesses or as Rule 30(b)(6) witnesses. Plaintiffs argued that only one employee, George Wolf, would not be a fact witness, and plaintiffs offered either the provide a report or withdraw his name.

**Conclusion**

The Court orders as follows.  Plaintiffs shall have to June 13, 2006 to either withdraw the name of George Wolf as an expert or to provide a written expert report.  Defendant shall have an opportunity to rebut George Wolf's designation, in the event his name is not withdrawn.  That time frame will be limited to ten business days.

While the Court finds that it may be helpful to have a written report by an employee designated expert, this is true in every case.  There are not particular circumstances argued that would warrant requiring written reports; and there are no exceptions to the Rule.  Defendant's motion is DENIED.

IT IS SO ORDERED.

**Dated:   May 26, 2006**          **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE