

FILED

JUN 0 5 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

1

**UNITED STATES DISTRICT COURT**

2

**EASTERN DISTRICT OF CALIFORNIA – FRESNO**

3

4   CENTRAL VALLEY CHRYSLER-JEEP, INC.,
    KITAHARA PONTIAC GMC BUICK, INC.,
    MADERA FORD MERCURY, INC., MADERA
5   CHEVROLET, FRONTIER DODGE, INC., TOM
    FIELDS MOTORS, INC., PISTORESI CHRYSLER
6   DODGE JEEP, BOB WILLIAMS CHEVROLET,
    COURTESY OLDSMOBILE CADILLAC, INC.,
7   MERLE STONE CHEVROLET, INC., MERLE
    STONE PORTERVILLE, INC., STURGEON AND
8   BECK INCORPORATED, SWANSON FAHRNEY
    FORD, INC., GENERAL MOTORS
9   CORPORATION, DAIMLERCHRYSLER
    CORPORATION, TULARE COUNTY FARM
10  BUREAU, and the ALLIANCE OF AUTOMOBILE
    MANUFACTURERS,

11
                        Plaintiffs,
12
    ASSOCIATION OF INTERNATIONAL
13  AUTOMOBILE MANUFACTURERS

14                      Plaintiff-Intervenor,

15       v.

16  Catherine E. WITHERSPOON, in her official
    capacity as Executive Officer of the California Air
17  Resources Board,

18                      Defendant,

19  SIERRA CLUB, NATURAL RESOURCES
    DEFENSE COUNCIL, and ENVIRONMENTAL
20  DEFENSE,

21                      Defendant-Intervenors,

22  BLUEWATER NETWORK, GLOBAL
    EXCHANGE, AND RAINFOREST ACTION
23  NETWORK

24                      Defendant-Intervenors.

25

26

27

28

**Case No. CV-F-04-6663 REC LJO**

**Hon. Robert E. Coyle**
**Mag. Judge Lawrence J. O'Neill**

**Trial Date:  January 16, 2007**

{6473/003/00190689.DOC}                    1

FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION

1

2

**FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION**

3     Pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY STIPULATED and

4  AGREED by the undersigned signatories:

5     Some of the Plaintiffs and Non-Parties are involved in the manufacture or sale of

6  automobiles and automotive components and are engaged in commercial transactions within

7  industries that are highly competitive and involve technical information, the misuse and/or the

8  disclosure of which could harm the interests of the Plaintiffs and Non-Parties, by, for example

9  and without limitation, enabling a competitor to gain an unfair commercial advantage or by

10  otherwise causing commercial harm.

11     This First Amended Stipulation and Protective Order, which restricts the Parties' use

12  and dissemination of Highly Confidential Information, is necessary and appropriate to facilitate

13  discovery of both Parties and Non-Parties in this matter, and to facilitate the Defendant's

14  access to the documents filed by Plaintiffs in May 2005 under seal with this Court.

15     Upon entry by the Court, this First Amended Stipulation and Protective Order shall

16  supercede the Stipulation and Protective Order previously entered in this matter on or about

17  March 23, 2006. To the extent any person or entity has previously executed a Confidentiality

18  Agreement relating to the previously entered Stipulation and Protective Order, such

19  Confidentiality Agreement shall continue in full force and effect and be deemed applicable to

20  this First Amended Stipulation and Protective Order.

21     ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that:

22     This First Amended Stipulation and Protective Order shall govern handling of all

23  Highly Confidential Information obtained in this matter, whether obtained directly or

24  indirectly, and whether produced by or obtained from any Party or any Non-Party.

25     1.     *Definitions.* As used herein, capitalized terms shall have the following

26  meanings:

27

28  {6473/003/00190689.DOC}                    2

a) "Highly Confidential Document" means any document, or any part thereof, that bears the legend (or which otherwise shall have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN Central Valley Chrysler-Jeep, Inc., et al. v. Witherspoon, CV-F-04-6663, E.D. Cal.," unless the Court determines that any such document is not entitled to such confidential treatment. The term "document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and includes without limitation any written, recorded, electronically stored, or graphic material.   By designating a document a "Highly Confidential Document," a Party or Non-Party signifies that it has a good faith belief that such a document may reasonably contain Highly Confidential Information as defined below.

b) "Highly Confidential Information" means information in any form, which is not or was not lawfully publicly available, including, without limitation, Highly Confidential Documents and the information contained therein or derived therefrom, whether obtained directly or indirectly from a Party or Non-Party which:

i) the Party or Non-Party who produced, provided or generated such information considers to contain confidential business information, trade secrets or proprietary information which relates to, consists of, refers to, evidences, describes, or reflects, without limitation: (a) competitively sensitive emissions and/or fuel economy designs and formulations; (b) product plans or "cycle plans"; (c) compliance strategies; (d) costing or pricing information;   (e) manufacturing   techniques;   (f)   future

{6473/003/00190689.DOC}

3

1   manufacturing plans, marketing plans or strategies; (g) the

2   timing, content or powertrain lineup of any future products; (h)

3   design development, verification, or testing of any future

4   products; or (i) competitively sensitive materials related to (a)-

5   (h) above; or

6   ii)   the Party or Non-Party previously received or produced pursuant

7         to one or more contractual arrangements or court orders that

8         otherwise precludes disclosure; or

9   iii)  the Party or Non-Party has (a) designated as confidential under

10        40 C.F.R. Part 2, Subpart B; and/or (b) designated as confidential

11        under 18 U.S.C. § 1905; and/or (c) designated as confidential to

12        California's Air Resources Board; and/or (d) designated as

13        confidential under any other statute or regulation which may

14        restrict disclosure; or

15  iv)   has previously been filed with the Court under seal in this

16        proceeding; or

17  v)    constitutes discovery material in this action that is designated as

18        "HIGHLY CONFIDENTIAL," including, without limitation,

19        deposition testimony and transcripts, answers to interrogatories,

20        documents and tangible things produced by a party or person

21        (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or

22        otherwise), and responses to requests for admission.

23  c)    "Non-Party" or "Non-Parties" shall mean each entity or individual, other

24        than the Parties that produces Highly Confidential Information in the

25        course of this action.

26  d)    "Outside Counsel of Record" means the firm(s) of attorneys, or sole

27        practitioner(s), as the case may be, who is (are) not employed by the

28  {6473/003/00190689.DOC}                    4

FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION

1    Parties, but rather is (are) retained for the purpose of representing a

2    Party in these proceedings, provided that, such persons have entered an

3    appearance in this matter and are not:

4        i)    involved in competitive decision-making of a Party or Non-Party

5              or the competitor of a Party or Non-Party, *i.e.*, Outside Counsel

6              of Record's activities, association, and relationship with a client

7              do not involve giving advice about or participating in the

8              business decisions of the client or of any competitor of a Party or

9              Non-Party; or

10       ii)   involved in providing representation to a Party or Non-Party or a

11             competitor of a Party or Non-Party regarding intellectual

12             property rights.

13   To the extent that Outside Counsel of Record are law firms in which

14   certain members of the firm engage in the activities set forth in (d)(i) -

15   (d)(ii), such firms must institute appropriate screening measures to

16   restrict access to Highly Confidential Information such that those

17   members of the firm who would be disqualified from receiving such

18   information under this Paragraph do not have access to it.

19   e)   For purposes of this First Amended Stipulation and Protective Order,

20        Outside Counsel of Record also includes any attorney representing the

21        Defendant Catherine Witherspoon, provided that such a person is

22        exclusively employed by the State of California and is customarily

23        entrusted with receiving and keeping confidential information received

24        from Parties and Non-Parties and those attorneys are identified to the

25        Parties.

26   f)   "Outside Consultants" means consultants or experts who are not

27        employed by the Parties, but rather are retained for the purpose of

28   {6473/003/00190689.DOC}                          5

---

1    assisting Outside Counsel of Record or a Party in this proceeding,

2    provided that the Outside Consultants are not involved in competitive

3    decision-making, *i.e.*, Outside Consultants' activities, association, and

4    relationship with a client do not involve advice about or participation in

5    the business decisions of the client or any competitor of a Party or Non-

6    Party, nor are they involved in advising any Party or Non-Party in

7    connection with its intellectual property rights.  For purposes of this

8    First Amended Stipulation and Protective Order, Outside Consultants

9    also include those persons who are exclusively employed by the Air

10   Resources Board and who are assisting in the defense of this proceeding.

11   g)    "Reviewing Party" means a person who has obtained access to Highly

12         Confidential Information pursuant to Paragraphs 6 and 9 of this First

13         Amended Stipulation and Protective Order.

14   h)    "Producing Party" means the Party or Non-Party which produces,

15         provides, or generates Highly Confidential Information that becomes

16         available through discovery in this proceeding.

17   2.    *Prior Designation of Confidentiality.*  Each Party or Non-Party may have in this

18   proceeding designated information, data, documents and other material as Highly Confidential

19   Information within the meaning of this First Amended Stipulation and Protective Order.  Such

20   designation may have been made by separate written notice; by incorporation into, attachment

21   to, stamped on or otherwise made part of the subject material designated as Highly

22   Confidential Information; by a statement on the record; or by a transmittal letter or other

23   document.  All such past designations, to the extent notice of such designation has been

24   provided, shall operate to bring any information so designated within the definition of Highly

25   Confidential Information, and to require the Parties to treat such designated information as

26   Highly Confidential Information under the terms of this First Amended Stipulation and

27   Protective Order. Any objection to such designation shall be made under, and governed by, the

28   {6473/003/00190689.DOC}                         6

terms of this First Amended Stipulation and Protective Order, except that the Court, consistent with its authority, may give effect to any other nondisclosure agreement, protective order or confidentiality provision to which such information may be subject as the Court deems appropriate.

3. *Subsequent Identification of Highly Confidential Information.* Any information or documents previously produced without the designation "Highly Confidential" may, in the future, be designated as Highly Confidential Information by a Party or Non-Party by providing written notice to the Outside Counsel of Record for the Parties. This notice must specifically describe the information or document to be designated as Highly Confidential Information so that Outside Counsel of Record can identify, to Reviewing Parties, each item of information, and each page or part of such information or document, that is so designated. Following any such notification, the Parties shall follow the procedures set forth in Paragraphs 18-20 herein.

4. *Withdrawal of Designation of Highly Confidential.* Any Party or Non-Party may withdraw its designation of any information or document as Highly Confidential Information by providing written notice to the Outside Counsel of Record for the Parties.

5. *Use of Highly Confidential Information.* Reviewing Parties shall use Highly Confidential Information solely for the conduct of this proceeding as expressly set forth herein, and shall not use such documents or information for any other purpose, including without limitation business, governmental, political, lobbying, public policy, public relations, or commercial purposes, or in other administrative, regulatory or judicial proceeding. Nothing in this Order shall be interpreted to prohibit or limit Producing Parties from using their own Highly Confidential Information (or Highly Confidential Information they obtained from other Producing Parties in the course of their business) as necessary to conduct their own business. To the extent that Highly Confidential Information is already lawfully in the possession of the Air Resources Board ("ARB") or other governmental agency for purposes independent of this litigation, or if Highly Confidential Information is submitted by a Party or Non-Party to the ARB or other governmental agency in the future for purposes independent of this litigation,

{6473/003/00190689.DOC}                              7

1   then the ARB and its staff may use such Highly Confidential Information for purposes that are
2   otherwise permitted by law.  To the extent that Highly Confidential Information is already
3   lawfully in the possession of the Defendant-Intervenors, or Defendant-Intervenors lawfully
4   obtain such Highly Confidential Information independent of this litigation, then nothing in this
5   First Amended Stipulation and Protective Order shall affect whatever rights, if any, the
6   Defendant-Intervenors otherwise have with respect to the lawful use of such information.

7       6.      *Permissible Disclosure*.  Subject to the requirements of Paragraph 9, Highly
8   Confidential Information may be reviewed by Outside Counsel of Record and Outside
9   Consultants.  Subject to the requirements of Paragraph 9, Outside Counsel of Record and
10  Outside Consultants may disclose Highly Confidential Information only to: (1) attorneys,
11  paralegals or other employees of such Outside Counsel of Record or Outside Consultants,
12  assisting Outside Counsel of Record or Outside Consultants in this proceeding; (2) employees
13  of such Outside Counsel of Record or Outside Consultants involved solely in one or more
14  aspects of organizing, filing, coding, converting, storing, loading, or retrieving documents or
15  data or designing programs for handling data connected with this proceeding, or performing
16  other clerical or ministerial functions with regard to documents connected with this
17  proceeding; and (3) employees of third-party contractors or subcontractors performing one or
18  more of the functions set forth in clause 2 of this Paragraph 6.  Reviewing Parties may discuss
19  and share Highly Confidential Information with any other Reviewing Party that has access to
20  the same Highly Confidential Information.  Upon entry of this First Amended Stipulation and
21  Protective Order, counsel for Plaintiffs and for Plaintiff-Intervenors shall provide Outside
22  Counsel of Record for the Defendant and for Defendant-Intervenors with copies of all
23  documents filed under seal in this action.  In addition, The following in-house counsel of
24  Defendant-Intervenors:  David Bookbinder, David Doniger, and James Tripp, shall also be
25  permitted to review Highly Confidential Information, subject to the other terms of this First
26  Amended Stipulation and Protective Order (which includes the tracking of any such review via
27  a secure, password-protected web-hosted review tool) and to the following additional
28  {6473/003/00190689.DOC}                          8

1   restrictions: Until at least three years after this litigation is concluded (i.e., after a final, non-
2   appealable judgment has been entered regarding all claims of any party to this litigation, and
3   all potential appeals have been resolved), these persons shall make no statements of fact or
4   opinion (except to persons who otherwise have been granted access to Highly Confidential
5   Information under this First Amended Stipulation and Protective Order) relating to any subject
6   contained in the Highly Confidential Information actually reviewed by that person that any
7   objective third party could reasonably conclude are based on the Highly Confidential
8   Information. Quoting or paraphrasing facts or opinions from a publicly available source that is
9   identified by the speaker or writer would not violate this provision even if those facts or
10  opinions so quoted or paraphrased were also contained in any Highly Confidential Information
11  (so long as the speaker or writer does not specifically refer to the Highly Confidential
12  Information). In addition, James Marston shall also be granted access to Highly Confidential
13  Information that directly relates to alternative fuel vehicles under the terms of this Paragraph 6.
14  The documents that Mr. Marston may review pursuant to this section shall be segregated on the
15  web-hosted review tool by those individuals who otherwise have access to the Highly
16  Confidential Information under this First Amended Stipulation and Protective Order, and
17  plaintiffs shall have a reasonable opportunity to review the documents so selected to challenge
18  such designation prior to review by Mr. Marston.

19          7.      *Protection of Highly Confidential Information.* Reviewing Parties shall ensure
20  that access to Highly Confidential Information is strictly limited as prescribed in this First
21  Amended Stipulation and Protective Order. Reviewing Parties shall ensure that: (1) Highly
22  Confidential Information is used only as provided in this First Amended Stipulation and
23  Protective Order; and (2) Highly Confidential Information is not duplicated except to the
24  minimum extent necessary for use as permitted by this First Amended Stipulation and
25  Protective Order (with appropriate security measures taken to ensure that any such copies are
26  maintained in a confidential manner).

27

28  {6473/003/00190689.DOC}                    9

1    8.    *Prohibited Copying.* Notwithstanding Paragraph 7, if, in the judgment of the

2 Producing Party, or Party or Non-Party to which Highly Confidential Information belongs, a

3 Highly Confidential Document contains information so sensitive (even given its Highly

4 Confidential designation) that it should not be copied by anyone, it shall bear the additional

5 legend "Copying Prohibited," and no copies of such document, in any form, shall be made,

6 except that a Reviewing Party may record its mental impressions and a description sufficient to

7 refer to the Highly Confidential Document in papers filed with the Court under seal under

8 Paragraph 10. It is intended that the "Copying Prohibited" legend be used sparingly, for only

9 the most sensitive and confidential information, including but not limited to, original source

10 code.   Such "Copying Prohibited" documents shall be produced at a location, mutually

11 agreeable to the Producing and Reviewing Parties.

12    9.    *Procedures for Obtaining Access to Highly Confidential Information.*

13    a)    In all cases where access to Highly Confidential Information is sought

14 pursuant to Paragraph 6, before reviewing or having access to any

15 Highly Confidential Information, each Outside Counsel of Record or

16 Outside Consultant shall be identified to the Party or Non-Party from

17 which the person seeks Highly Confidential Information, including a

18 description of the person's professional affiliation(s). The Party or Non-

19 Party from which the person seeks access to Highly Confidential

20 Information may object to such access by petitioning the Court within

21 ten business days of notice, and shall seek the matter to be heard on an

22 expedited basis.   Before obtaining access to Highly Confidential

23 Information, each person must execute the attached Confidentiality

24 Agreement and serve it upon Outside Counsel of Record for the Party or

25 Non-Party from which it seeks the Highly Confidential Information.

26 Highly Confidential Documents shall be made available electronically,

27 including through secure web-based medium, if appropriate security can

28 {6473/003/00190689.DOC}                    10

1  be assured. The administrator of the web-based medium shall maintain
2  a tracking system that identifies, by each user, the viewing,
3  downloading, and/or printing of any document on the web-based
4  medium. Such tracking system shall be capable of producing user
5  reports that are viewable by document ID, Beginning Bates Number,
6  Ending Bates Number, and the length of time each user viewed the
7  document or documents  Each Party may obtain from the administrator
8  the tracking system user report applicable only to its own users. Each
9  Party will provide each Producing Party a list of names on a monthly
10  basis of the persons who have had access through the web-based
11  medium to that Producing Party's documents. If any Producing Party
12  has a good faith reason to believe that Producing Party's Highly
13  Confidential Information has been improperly disclosed or used in
14  violation of this First Amended Protective Order, that Producing Party
15  may apply to the Magistrate for an order  requiring production of
16  information from the tracking system necessary to address the alleged
17  disclosure.  Absent extraordinary circumstances, a Producing Party
18  making such an application shall provide reasonable notice to the Party
19  representing the users whose tracking information is sought, and such
20  Party shall have an opportunity to be heard on the appropriateness and
21  scope of any such order.

22  b)  To the extent that this Paragraph requires the disclosure of non-testifying
23  consultants who would otherwise not need to be disclosed, a Party shall
24  instead provide written notice of the identity of the non-testifying
25  consultant(s) to in-house counsel for the Producing Party or other
26  counsel for the Producing Party that is not representing a Party in this
27  case. This counsel for the Producing Party shall not disclose the identity

28  {6473/003/00190689.DOC}                        11

1    of the non-testifying consultant(s), except as reasonably necessary to

2    determine whether the Producing Party has a legitimate basis to object to

3    disclosure of Highly Confidential Information to that non-testifying

4    consultant. The name of each individual who learns the identity of the

5    non-testifying consultant shall be promptly  provided to the Party who

6    retained the non-testifying consultant. If the Producing Party determines

7    that it will object to such disclosure, then Producing Party shall promptly

8    petition the Court under seal for an expedited hearing in camera on the

9    matter.  If such a proceeding is required, then Outside Counsel of

10   Record for the Producing Party may participate.  An objection to the

11   disclosure of Highly Confidential Information to a non-testifying

12   consultant(s) shall only be made on a good faith basis and based on a

13   specific and particularized showing that such disclosure would pose a

14   heightened risk of misuse and/or disclosure.  Other than as set forth

15   herein, the Producing Party shall not disclose the identify of such non-

16   testifying consultants except to the extent reasonably necessary in

17   specific instances to protect the confidentiality of the information

18   reviewed; or upon any unauthorized and unexplained disclosure of

19   Highly Confidential Information, after application to the Magistrate.

20   10.  *Filings with the Court.* In any documents filed in this proceeding, no reference

21   shall be made to Highly Confidential Information unless such documents are filed as sealed

22   documents in accordance with the requirements of this Court's local rules.

23       a)   The portion(s) of the pleading containing Highly Confidential

24   Information shall be served on the Court, and Outside Counsel of

25   Record for each Party, if they have signed the attached Confidentiality

26   Agreement.

27

28   {6473/003/00190689.DOC}                  12

1

2

3

4

      b)     Parties should not provide courtesy copies of pleadings containing Highly Confidential Information to the Court unless the Court so requests. Any courtesy copies shall be submitted under seal, only in sealed envelopes on which shall be endorsed the caption of this case.

5

6

7

8

9

10

11

    11.    *Designation of Highly Confidential Information in Discovery Responses.* A written answer to a discovery request of any kind may be designated as Highly Confidential Information, and marked with the legend "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN Central Valley Chrysler-Jeep, Inc., et al. v. Witherspoon, CV-F-04-6663, E.D. Cal." If filed, any highly confidential portions of, and exhibits to, any such answer or response shall be filed under seal pursuant to Paragraph 10, separate from the portions and exhibits not so marked.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

    12.    *Designation of Highly Confidential Information in Depositions.* A Party (or any Non-Party that generated highly confidential testimony or documents) may, within ten (10) business days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Highly Confidential Information. Such Highly Confidential Information within the deposition transcript may be designated only by marking the portions of the pages that are highly confidential and inserting on such pages the legend: "HIGHLY CONFIDENTIAL INFORMATION -- SUBJECT TO PROTECTIVE ORDER IN Central Valley Chrysler-Jeep, Inc., et al. v. Witherspoon, CV-F-04-6663, E.D. Cal.." Until the expiration of the period during which highly confidential designations may be made, the entire deposition will be treated as subject to protection as Highly Confidential Information. If a Highly Confidential Information designation is made, the portions and exhibits containing Highly Confidential Information, when filed, shall be filed under seal pursuant to Paragraph 10, separate from the portions and exhibits not so marked. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Highly Confidential shall be afforded the same status.

27

28

1    13.    *Challenge to Designation of Highly Confidential Designation or Copying*
2  *Prohibited Designation.* Any Party seeking to challenge a designation of material as Highly
3  Confidential Information and/or Copying Prohibited may make a motion or other appropriate
4  expedited application to the Court, or in the manner as specified by the Magistrate in this
5  proceeding, to strike the designation. Such motion or application shall identify with specificity
6  the Highly Confidential Information and/or Copying Prohibited document that is the subject of
7  the motion, but shall not disclose or reveal the contents of that information except in the manner
8  prescribed by Paragraph 10. If such a motion or application is made, the Highly Confidential
9  Information that is the subject of the motion shall continue to be treated as such unless, and
10 until, the Court directs that such designation be stricken. The Party or Non-Party claiming any
11 information or any document as Confidential Information and/or Copying Prohibited has the
12 burden of establishing that it meets the standards for such designations. If the party whose
13 information is the subject of such motion or application fails to oppose the motion or
14 application, the information shall be deemed non-confidential. Any Party seeking to challenge
15 another Party's, or Non-Party's, designation of material as Highly Confidential Information
16 and/or Copying Prohibited shall, prior to making a motion or application to strike such
17 designation, contact the Party or Non-Party that made such designation and make a good faith
18 effort to resolve any dispute concerning the designation. A motion or application to strike shall
19 identify the moving party's efforts to comply with this Paragraph 13 and shall state that the
20 Parties or Non-Parties were unable to resolve the dispute concerning the designation.

21   14.    *Designation of Highly Confidential Information for Use at Trial.* A Party (or
22 any Non-Party that generated highly confidential testimony or documents) may request judicial
23 designation of testimony or documents as Highly Confidential Information before the affected
24 testimony or documents are offered at trial. Any Reviewing Party intending to offer any Highly
25 Confidential Information at trial must inform the Court, counsel for the Producing Party, and
26 Outside Counsel of Record that such document is subject to the terms of this Order before
27 offering it. If the Court designates any such testimony or documents as Highly Confidential
28 {6473/003/00190689.DOC}                                  14

1   Information, a Party (or the Non-Party that generated such testimony or documents) may
2   request that the Court exclude from the courtroom any person who has not agreed to be bound
3   by this First Amended Stipulation and Protective Order. If testimony is elicited or documents
4   are referred to that are similarly sensitive, a Party (or the Non-Party that generated such
5   testimony or documents) may also request the Court to designate the testimony just received or
6   documents just referred to as Highly Confidential Information. Furthermore, within seven (7)
7   business days of the time any transcript of these proceedings is produced, a Party (or any Non-
8   Party that either generated highly confidential information or whose highly confidential
9   information was the subject of testimony or contained within documents) may request that the
10  Court order relevant portions of the transcript be designated as Highly Confidential Information
11  and placed under seal.

12      15.     *Client Consultation.* Nothing in this First Amended Stipulation and Protective
13  Order shall restrict Outside Counsel of Record from rendering advice to their clients relating to
14  the conduct of this proceeding and, in the course thereof, relying generally on examination of
15  Highly Confidential Information; *provided, however*, that in rendering such advice and
16  otherwise communicating with such client, Outside Counsel of Record shall not disclose
17  Highly Confidential Information.

18      16.     *No Waiver of Confidentiality.* Disclosure of Highly Confidential Information as
19  provided herein by any person shall not be deemed a waiver of any privilege or entitlement to
20  confidential treatment of such Highly Confidential Information by any Producing Party, or
21  Party or Non-Party to which Highly Confidential Information belongs. By viewing this
22  information, persons described in Paragraph 6 agree: (1) not to assert any such waiver; (2) not
23  to use Highly Confidential Information to seek disclosure in any other proceeding; and (3) that
24  accidental disclosure of Highly Confidential Information by a Party or Non-Party shall not be
25  deemed a waiver of any privilege or entitlement as long as the Producing Party, or Party or
26  Non-Party to which Highly Confidential Information belongs, takes remedial action as set forth
27  in the following Paragraph.

28  {6473/003/00190689.DOC}                        15

1  seek a determination by the Court (a) whether particular material should be produced or (b) if
2  produced, whether such material should be subject to the provisions of this First Amended
3  Stipulation and Protective Order.

4      22.     *Subpoena by Courts, Departments or Agencies.* If a court, or a federal or state
5  department or agency issues a subpoena for, or orders production of, Highly Confidential
6  Information that a Party has obtained under terms of this First Amended Stipulation and
7  Protective Order, such Party shall promptly notify the Producing Party, and the Party or Non-
8  Party to which Highly Confidential Information belongs, of the pendency of such subpoena or
9  order. Consistent with the independent authority of any court, department or agency, such
10  notification must be accomplished such that the Producing Party, and the Party or Non-Party to
11  which Highly Confidential Information belongs, has a reasonable opportunity to oppose such
12  production prior to the production or disclosure of any Highly Confidential Information.

13      23.     *Violations of First Amended Stipulation and Protective Order.* If any signatory
14  that has obtained access to Highly Confidential Information under this First Amended
15  Stipulation and Protective Order violates any of its terms, that person or entity shall
16  immediately convey that fact to the Producing Party, and the Party or Non-Party to which
17  Highly Confidential Information belongs and the violating person or entity shall take all
18  necessary steps to immediately remedy the improper disclosure. Nothing in this First Amended
19  Stipulation and Protective Order shall limit any other rights and remedies available to the
20  Producing Party, and the Party or the Non-Party to which Highly Confidential Information
21  belongs, at law or in equity against any person using Highly Confidential Information in a
22  manner not authorized by this First Amended Stipulation and Protective Order. For each non-
23  inadvertent disclosure of Highly Confidential Information (or for any inadvertent disclosure for
24  which all necessary steps are not immediately taken to remedy the improper disclosure upon
25  discovery of the inadvertent disclosure), by any person or entity who has gained access to
26  Highly Confidential Information pursuant to this First Amended Stipulation and Protection

27

28    {6473/003/00190689.DOC}                    17

1    Order, such person or entity may be held in contempt and shall be subject to any further

2    penalties and sanctions that this Court shall authorize.

3    24.    *Termination of Proceeding.* The provisions of this First Amended Stipulation

4    and Protective Order shall not terminate at the conclusion of this proceeding. Within 30 days

5    after conclusion of this proceeding, which includes any final administrative or any final

6    judicial appellate review, persons described by Paragraph 6 shall return, to the Producing Party

7    any Highly Confidential Information and all copies of the same or shall certify the destruction

8    of such material. No material whatsoever derived from Highly Confidential Information may

9    be retained by any person having access thereto, except Outside Counsel of Record (as

10    described in Paragraph 6) may retain, under the continuing strictures of this First Amended

11    Stipulation and Protective Order, two copies of pleadings (one of which may be in electronic

12    format) containing Highly Confidential Information. All Outside Counsel of Record shall

13    make certification of compliance herewith and shall deliver the same to Outside Counsel of

14    Record for the Producing Party not more than 30 days after conclusion of this proceeding.

15    25.    Any party, entity or person covered by this First Amended Stipulation and

16    Protective Order may at any time apply to the Court for relief from any provision of this First

17    Amended Stipulation and Protective Order.

18    26.    Other entities or persons may be included in this First Amended Stipulation and

19    Protective Order by acceding to its provisions in a writing served upon Outside Counsel of

20    Record for the Parties, with such writings to be filed with the Court if so directed.

21    27.    *Jurisdiction.* By execution of this First Amended Stipulation and Protective

22    Order, either on its own behalf or through counsel, each signatory agrees to submit to the

23    jurisdiction of this federal district court for purposes of resolving any disputes arising under

24    this First Amended Stipulation and Protective Order.

25

26

27

28    {6473/003/00190689.DOC}          18

**STIPULATED AND AGREED BY:**

Dated: May 31, 2006

/s/ Andrew B. Clubock

Andrew B. Clubok
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 20005
Telephone: (202) 879-5000
Fax: (202) 879-5200

*Attorney for all Plaintiffs*

{6473/003/00190689.DOC}                    19

1  **STIPULATED AND AGREED BY:**

2

3  Dated: May 25, 2006

4

                                              /s/   Charles H. Haake
5                                                   Charles H. Haake
                                              GIBSON, DUNN & CRUTCHER, LLP
6                                              1050 Connecticut Ave., NW
                                              Washington, D.C. 20036
7                                              Telephone: (202) 955-8500
                                              Fax: (202) 467-0539
8

9                                        *Attorney for Plaintiff-Intervenor,*
                                     *Association of International Automobile Manufacturers*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  {6473/003/00190689.DOC}                20

1  **STIPULATED AND AGREED BY:**

2
   Dated: May 24, 2006
3

4
                                        /s/ Kathleen A. Kenealy
5                                        Kathleen A. Kenealy
                                         Deputy Attorney General
6                                        1300 "I" Street, Suite 125
                                         P.O. Box 944244
7                                        Sacramento, CA 94244-2550
                                         Telephone: (510) 622-2133
8                                        Fax: (510) 622-2270

9
                                 *Attorney for Defendant Catherine E. Witherspoon*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  {6473/003/00190689.DOC}                    21

FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION

1    **STIPULATED AND AGREED BY:**

2

3    Dated: May 30, 2006

4

                                    /s/ David Bookbinder

5                                               David Bookbinder

                                             SIERRA CLUB

6                                              408 C Street, NE

                                   Washington, DC 20002

7                                Telephone: (202) 548-4598

                                     Fax: (202) 547-6009

8

9                             *Attorney for Defendant-Intervenors*

        *Sierra Club, Natural Resources Defense Council, and*

10                                      *Environmental Defense*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    {6473/003/00190689.DOC}                 22

1  **STIPULATED AND AGREED BY:**

2
    Dated: May 31, 2006
3

4
                                                    /s/ Danielle R. Fugere
5                                                      Danielle R. Fugere
                                                     BLUEWATER NETWORK
6                                              311 California Street, Suite 510
                                                   San Francisco, CA 94104
7                                             Telephone: (415) 544-0790 x15
                                                     Fax: (415) 544-0796
8
                                          *Attorney for Defendant-Intervenors*
9                                        *Bluewater Network, Global Exchange,*
10                                          *and Rainforest Action Network*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  {6473/003/00190689.DOC}                    23

FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION

1    **IT IS SO ORDERED** : ( 1ˢᵗ Am Stip and Protective order)

2    this __5__ day of _____, 2006.

3

4    _____

5    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   {6473/003/00190689.DOC}                    24
     _____
     FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
     REGARDING HANDLING OF CONFIDENTIAL INFORMATION

1

**UNITED STATES DISTRICT COURT**

2

**EASTERN DISTRICT OF CALIFORNIA – FRESNO**

3   CENTRAL VALLEY CHRYSLER-JEEP, INC.,
     KITAHARA PONTIAC GMC BUICK, INC.,
4   MADERA FORD MERCURY, INC., MADERA
     CHEVROLET, FRONTIER DODGE, INC., TOM
5   FIELDS MOTORS, INC., PISTORESI CHRYSLER
     DODGE JEEP, BOB WILLIAMS CHEVROLET,
6   COURTESY OLDSMOBILE CADILLAC, INC.,
     MERLE STONE CHEVROLET, INC., MERLE
7   STONE PORTERVILLE, INC., STURGEON AND
     BECK INCORPORATED, SWANSON FAHRNEY
8   FORD, INC., GENERAL MOTORS
     CORPORATION, DAIMLERCHRYSLER
9   CORPORATION, TULARE COUNTY FARM
     BUREAU, and the ALLIANCE OF AUTOMOBILE
10  MANUFACTURERS,

11                              Plaintiffs,

12  ASSOCIATION OF INTERNATIONAL
     AUTOMOBILE MANUFACTURERS

13                              Plaintiff-Intervenor,

14          v.

15  Catherine E. WITHERSPOON, in her official
     capacity as Executive Officer of the California Air
16  Resources Board,

17                              Defendant,

18  SIERRA CLUB, NATURAL RESOURCES
     DEFENSE COUNCIL, and ENVIRONMENTAL
19  DEFENSE,

20                              Defendant-Intervenors,

21  BLUEWATER NETWORK, GLOBAL
     EXCHANGE, AND RAINFOREST ACTION
22  NETWORK

23                              Defendant-Intervenors.

24

25

26

27

28   {6473/003/00190689.DOC}                    25

**Case No. CV-F-04-6663 REC LJO**

**Hon. Robert E. Coyle**
**Mag. Judge Lawrence J. O'Neill**

**Trial Date:  January 16, 2007**

---

FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**Confidentiality Agreement**

I hereby acknowledge that I have received and read a copy of the foregoing First Amended Stipulation and Protective Order in the above-captioned proceeding, and I understand it. I agree that I am bound by the First Amended Stipulation and Protective Order and that I shall not disclose or use Highly Confidential Information except as allowed by the First Amended Stipulation and Protective Order.

I acknowledge that it is my obligation to ensure that: (1) Highly Confidential Information is used only as provided in the First Amended Stipulation and Protective Order; and (2) Highly Confidential Documents are not duplicated except as specifically permitted by the terms of Paragraphs 7 and 10 of the First Amended Stipulation and Protective Order, and I certify that I have verified that procedures are in place at my firm, office, or other place where I conduct business, as well as my residence, to prevent unauthorized disclosure of Highly Confidential Information.

I consent to the jurisdiction of the United States District Court in the Eastern District of California for purposes of determining my compliance with the First Amended Stipulation and Protective Order, and any civil or criminal sanction for my failure to comply. I understand that nothing in the First Amended Stipulation and Protective Order shall limit any other rights and remedies available, at law or in equity, to the Producing Party, and the Party or Non-Party to which Highly Confidential Information belongs.

Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the First Amended Stipulation and Protective Order.

Executed at _____ this ____ day of _____, _____.

_____
Signature

_____
Printed Name/Position

_____
Company/Firm

_____

_____
Business Address

_____
Business Telephone

{6473/003/00190689.DOC}                    26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   {6473/003/00190689.DOC}                      27

FIRST AMENDED STIPULATION AND PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL INFORMATION