IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER VALLEY JEEP, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CATHERINE E. WITHERSPOON,<br><br>Defendants.<br>_____/ | CASE NO. **CV-F-04-6663 AWI LJO**<br><br>**ORDER ON PLAINTIFFS' AND DEFENDANT'S DISCOVERY MOTIONS**<br>(Doc. 299, 300, 317, 318, 318 and 330) |

Several motions came on regularly for hearing before the Court on August 25, 2006 in Department 8:

(1) Defendant's motion for protective order re deposition of Thomas Cackette;

(2) Defendant's motion for protective order re deposition of Catherine Witherspoon;

(3) Plaintiffs' and Plaintiff-intervenors' motion to modify the scheduling order to allow plaintiffs to file a motion to compel further answers to their interrogatories.  The Court granted an *ex parte* only to address whether the scheduling order should be modified to permit the motion to compel and directed plaintiffs to supplement the issue of their "diligence;"

(4) Defendant's motion to compel interrogatory responses;

(5) Plaintiffs' motion for a protective order to prevent Attorney Pawa and Attorney Krass from viewing confidential documents.

1

Plaintiffs appeared by telephone by counsel Timothy Jones, Andrew Clubok, and Derek Benston. Plaintiff-Intervenors appeared by telephone by counsel Charles Haake. Defendant appeared by telephone by counsel Mark Melnick and Kathleen Kenealy. Having considered the moving and opposition arguments in the joint statements, and the exhibits attached thereto, as well as the arguments of counsel and the Court's file, the Court issues the following order.

## ANALYSIS AND DISCUSSION

### (1) and (2)    Defendant's Motion for Protective Order re
### Deposition of Thomas Cackette and of Catherine Witherspoon

Plaintiffs issued their notices of depositions on July 7, 2006 for Catherine Witherspoon and for Thomas Cackette. Catherine Witherspoon ("Witherspoon") is the Executive Officer for the California Air Resources Board. Thomas Cackette ("Cackette") is the Chief Deputy Executive Officer of the California Air Resources Board. Defendant moves for a protective order to preclude their depositions on the basis that Witherspoon and Cackette are high government officials.

### Protective Orders

The court has very wide discretion, even in the context of high government official depositions, in handling pretrial discovery. *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (reserving deposition of the executive of the Small Business Administration until the end of discovery).

Under F.R.Civ.P. 26©, this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

1. Prohibiting disclosure or discovery;
2. Conditioning disclosure or discovery on specified terms, "including a designation of the time or the place";
3. Permitting discovery be had by a method other than selected by the party seeking discovery; or
4. Limiting the scope of disclosure or discovery to certain matters.

To enforce the limit on discovery, a parties may seek a protective order under Fed.R.Civ.P.26( c) or the court may act upon its own initiative.

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance.  F.R.Civ.P. 26( c); *Jepson, Inc. v. Makita Elec. Works, Ltd,* 30 F.3d 854, 858 (7th Cir. 1994).  Generally, a party seeking a protective order has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be denied the right to take a deposition.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  "If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery."  F.R.Civ.P. 26( c).

Alternatively, a court may limit the "extent of use of discovery methods" if it determines "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought."  F.R.Civ.P. 26(b)(2)(ii).

**Top Ranking Government Status**

The parties dispute whether Witherspoon and Cackette are "high level government officials" so as to preclude their depositions altogether. In *United States v. Morgan*, 313 U.S. 409, 421-22, 61 S.Ct. 999, 85 L.Ed. 1429 (1941), the Court stated that a deposition of a high government official threatened to undermine the "integrity of the administrative process."

Defendant argues that both Witherspoon and Cackette are top ranking governmental officials, and their depositions are precluded absent exceptional circumstances to depose top governmental officials. *U.S. v. Reno*, 197 F.3d 310, 314 (8th Cir. 2000) (quashing subpoena for Janet Reno); *Nagel v. Superior Court*, 28 Cal.App.4th 1465, 1467 (1994) (treating state executive officers as the same). Plaintiffs argue that defendant Witherspoon and Cackette are not top ranking officials.  Plaintiffs argue that there is a limit to who is a "high government official." Witherspoon does not head the Air Resources Board, rather the Board consists of 11 members and Witherspoon is under the direction and control of the Board.  Cackette is a staff member.

There is not much authority on the type of positions which qualify as "high level government official."  The parties have cited most of the cases.  None is directly or close to the instant government positions.  The cases which found the official was a "top ranking government official" came to the conclusion without any analysis or consideration of factors.  The cases relied upon the "title" of the officer as a controlling factor. Examples include the director of the Small Business Administration

regarding loans to a corporation, the Governor of California regarding crowding at San Quentin, the Attorney General of California regarding attorneys' fees to be awarded to the prevailing party in an action against the State Board of Pharmacy, a State Governor, the Attorney General of the United States, and the Commissioner of the Food and Drug Administration, which they had no personal knowledge. *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 369 (N.D.Cal. 2000) (citing relevant cases); *Alexander v. F.B.I.*, 186 F.R.D. 1, 4 (D.D.C. 1998) (White House staff).

The Air Resources Board was created by the Legislature to oversee air pollution resulting from vehicles. Cal.Health & Safety Code § 39002. The State Air Resources Board is the state agency charged with coordinating efforts to attain and maintain ambient air quality standards, among other things. Cal.Health & Safety Code § 39002. Witherspoon, as the Executive Officer, is appointed by the Board "who shall serve at the pleasure of the state board and, except as provided in subdivision (d), may delegate any duty to the executive officer that the state board deems appropriate. §39515. The California Legislature declares as follows: "The intention of the Legislature is hereby declared to be that the executive officer shall perform and discharge, under the direction and control of the state board, the powers, duties, purposes, functions, and jurisdiction vested in the state board and delegated to the executive officer by the state board." Cal.Health & Safety Code § 39515(b). The executive officer may, in turn, delegate some of her duties. "The executive officer may redelegate to his subordinates unless, by state board rule or express provision of law, the executive officer is specifically required to act personally." Cal.Health & Safety Code § 39516.

By Legislative declaration, Witherspoon is a top ranking government official. The policy behind precluding depositions of high ranking officials is present. Because "[h]igh ranking government officials have greater duties and time constraints than other witnesses ... [they] 'should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'" *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir.1993). Cackette is not a top ranking government official. He has not been so declared by the Legislature, nor is his title indicative of a high official. Accordingly, the Court finds that Witherspoon is a top ranking government official, while Cackette is not.

For a deposition of high level government official, case law consensus is that something close to "exceptional circumstances" or compelling reasons are necessary for the deposition. *In re F.D.I.C.*,

4

58 F.3d 1055, 1060 (5th Cir. 1995) (error for the court not to consider the high-ranking status of the deponents, the potential burden that the depositions would impose upon them, or the substantive reasons for taking the depositions.); *see also Nagle v. Superior Court*, 28 Cal.App.4th 1465, 34 Cal.Rptr.2d 281 (1994) (holding that the directors of the California Employment Development Department and the California Department of Health Services were not subject to deposition where plaintiff made no showing that either director had personal knowledge of matter at issue or that information could not be obtained through less burdensome means); *see Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir.1979) ("Heads of government agencies are not normally subject to depositions and the district court's order directing [the Administrator of the Small Business Administration] to answer interrogatories in lieu of a deposition does not appear unreasonable") There is no definite Ninth Circuit authority on the point.

Plaintiffs' offer of "compelling" or "exceptional" reasons for the deposition of Witherspoon is that there is correspondence with Witherspoon's name on it and no others and that persons already deposed have identified Witherspoon as the "official position" person. These reasons have not been held to overcome the "exceptional circumstances" to preclude a deposition of high ranking official. *In re F.D.I.C.*, 58 F.3d at 1061 (rejecting reasons that a deposition was necessary to "probe the decision-making processes and the reasons for their decisions. Agency leaders often send and receive correspondence relative to their actions. Their official conduct frequently affects-sometimes adversely-the property rights of private parties. This does not of itself subject them to the burdens of litigation discovery.") The Court does not find these reasons exceptional. Other Rule 30(b)(6) depositions remain to be taken, and now, the deposition of Cackette.

**Order on Motion for Protective Order for the Deposition of Witherspoon and Cackette**

The motion for a protective order for the deposition of Thomas Cackette is DENIED.

The motion for a protective order for the deposition of Catherine Witherspoon is GRANTED. The protective order is granted without prejudice to plaintiffs to show exceptional circumstances, at the conclusion of the 30(b)(6) depositions and Cackette's deposition, for a limited deposition of Catherine Witherspoon.

/////

### (3) Plaintiffs' motion to Modify the Scheduling Order to Permit the filing of a Motion to Compel

The Scheduling Order issued on September 20, 2005 states that motions to compel are to be heard by the cut off date: "All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than June 30, 2006." (Doc. 140, P.14.) This Court extended that date by order on April 4, 2006 to August 4, 2006. (Doc. 206.) That order also stated: "All other provisions of this Court's September 20, 2005 Scheduling Order shall remain in effect." In the most recent modification of the scheduling order on July 18, 2006, the Court extended the non-expert discovery cut-off to September 22, 2006, but stated, "the Court will grant the request to continue the non-expert discovery cut off, but only for the purposes of conducting depositions." (Doc. 297 p. 4.) Thus, the last date to have a motion to compel heard was August 4, 2006.

Plaintiffs and plaintiff intervenors (collectively "plaintiffs") seek to modify the scheduling order to allow them to file a motion to compel defendant to provide adequate responses to their second set of interrogatories.

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228;

> (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Jackson*, 186 F.R.D. at 608.

Here, plaintiffs and plaintiff intervenors served their second set of interrogatories precisely thirty days before the discovery cut off date. Plaintiffs elected to ask these questions at the end of discovery. By waiting to precisely 30 days before the discovery cut-off, the risk plaintiffs chose was that the responses would be inadequate and they could not bring a motion to compel. The scheduling order means what it says. Hence, the reason to allow time to move to compel is inadequate. No good cause has been shown.

Defendant argues that there is a "double standard" in that defendant's similar motion was filed within a week of the motion cut-off date. Since defendants' motion will be heard, plaintiffs' motion should likewise be heard. The parties have always worked mutually toward resolution of discovery disputes.

Here, the procedural posture of the two motions to compel, plaintiffs' motion and defendant's (motion (4) below) is different. Defendant's interrogatories were served in April 2006, to which plaintiffs initially interposed objections and not substantive answers. The plaintiffs supplemented their answers over the next several months, as the result of meet and confer, culminating in answers on July 28, 2006. Defendant then brought an *ex parte* in July 2006 to have defendant's motion to compel heard, and the *ex parte* was brought <u>before</u> discovery closed. The Court set the motion after the discovery cut-off solely because of a conflict in the Court's schedule. (Doc. 321.) Contrary to a timely application, plaintiffs have brought their motion to modify <u>after</u> the cut-off date. The parties may not unilaterally alter the dates of the Scheduling Order.

**Order on Plaintiffs' Motion to Modify the Scheduling Order**

Plaintiffs' and Plaintiff-intervenors' motion to modify the scheduling order to allow plaintiffs to file a motion to compel further answers to their interrogatories is DENIED.

**(4)  Defendant's Motion to Compel Plaintiffs to Supplement Interrogatories**

**Interrogatory No. 15**

This interrogatory asks about the changes the manufacturers have made to their vehicles during the planning, design and productions process - including the cost of changes.  Here's the question:

> "Separately for each automobile manufacturer (that you are or that is a member of your association), for model year 2004 and any subsequent model year, identify all changes to the characteristics of any vehicle model that occurred less than 48 months before (or any date after) the date when production of the first vehicle of that vehicle model for that model year was completed. For each such change, provide a detailed description of the change, the name or names of the relevant vehicle model(s), the model year(s) applicable, the reason(s) for the change, your best estimate of the cost per vehicle of the change, your best estimate of the difference in the manufacturing cost of the vehicle due to the change, any change in the price of the vehicle (either to retailers or the manufacturers suggested retail price) due to the change, the date the change was first proposed, the date it was decided to make the change, and the date when production of the first vehicle of that vehicle model was completed."

The parties indicate that the remaining disputed issue for interrogatory 15 is cost information and the electronic format of such information.

At oral argument, the parties indicated that they were continuing to meet and confer and were confident they could resolve the issue.

Based upon the representation that the meet and confer should resolve the issue, the Court will deny the motion on interrogatory 15 without prejudice to renew the motion should the meet and confer fail.  If that were to occur, a Local Rule 37-251 statement would be required.

**Interrogatory No. 18**

Requests information of future gasoline prices:

> State your best estimate of average gasoline prices in California for each calendar year between 2008 and 2030, inclusive. Provide the source of the estimate(s), and identify any documents which discuss the estimate(s).

Defendant argues that gasoline prices affect the marketplace's demand for vehicles with technologies that decrease greenhouse gas emissions.  Plaintiff DaimlerChrysler's response refers Defendant to a website of the U.S. Department of Energy.  Plaintiff General Motors's response identifies and attaches a specific document.  However, defendant argues that plaintiffs then say that this document "does not take account of all such factors" affecting gasoline prices. Defendant argues that this begs the

question of whether this document reflects plaintiff General Motors's best estimate of future gasoline prices.

Plaintiffs argue plaintiffs have directed the defendant to the forecasts they use for planning purposes and disclose internal documents that include such forecasts.

Defendant asks the Court to compel plaintiffs to say that the website and the documents provided are plaintiffs' "best estimates" of future gasoline prices. Each interrogatory must be responded to 'separately and fully.' F.R.Civ.P. 33(b)(1). In plaintiffs' answering the question, "State your best estimate . . ." the information provided is plaintiffs' "best estimate." The question does not ask plaintiffs to identify all estimates for gasoline prices. Any further inquiry is the subject of deposition or cross examination. The motion for a further response is denied.

**Interrogatory No. 19**

Asks about the support for plaintiffs' foreign policy preemption claim:

> In addition to any statements identified in response to interrogatory number 11 of defendant Witherspoon's first set of interrogatories, identify all evidentiary facts that you contend support Plaintiffs' Count III (of foreign policy preemption).

Defendant argues that if Plaintiffs intend to rely on any facts to pursue this claim, they need to set forth all of those facts in response to this interrogatory. Plaintiffs argue that the foreign policy of the United States is not a question of evidentiary fact. Rather, the foreign policy of the United States "is expressed by statutes and treaties in force."

An interrogatory is not necessarily objectionable because an answer would involve an opinion or contention that relates to fact or the application of law to fact. F.R.Civ.P. 33( c). However, Rule 33 does not permit interrogatories directed to issues of "pure law." *O'Brien v. International Brotherhood of Elec. Workers*, (ND GA 1977) 443 F.Supp. 1182, 1187 (interrogatories seeking legal theory insofar as they involved application of law to the facts of the case, but not insofar as they sought pure legal conclusions related, not the facts).

The interrogatory ask for "facts" not legal authorities. To the extent plaintiffs did not provide the facts which support their claim of foreign policy violation, plaintiffs will be compelled to do so.

**Local Plaintiffs' Responses**

Defendant's second set of interrogatories were served on all Plaintiffs. Defendant has only

received an answer to interrogatory number 13, and that answer was not provided by plaintiff Tulare County Farm Bureau. Moreover, Defendant has not received verifications from eight of the 14 local plaintiffs. Plaintiffs acknowledge that there is no substantive disagreement. Therefore, the responses and verifications will be compelled.

**Order on Defendant's Motion to Compel further Responses**

For the foregoing reasons, the Court issues an order on Defendant's motion to compel further responses to interrogatories as follows:

1. DENIES as unripe the motion as to Interrogatory no. 15.
2. DENIES the motion as to Interrogatory no. 18.
3. GRANTS the motion as to Interrogatory no. 19.
4. GRANTS the motion as to the Local Plaintiffs' responses and verifications.

Further answers shall be served within 15 days of the date of service of this order.

**(5)　Plaintiffs' motion for a protective order to prevent Attorney Pawa and Krass from viewing confidential documents**

The parties did not file their joint statement re discovery dispute as required by Local Rule 37-251. Therefore, the motion is dropped from calendar.

At oral argument, the parties indicated that additional time was needed to meet and confer. Should they seek to refile the motion, the parties are directed to comply with Local Rule 37-251.

IT IS SO ORDERED.

**Dated:   August 25, 2006**　　　　　　　　　　　　　/s/ Lawrence J. O'Neill
b9ed48　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE