IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER VALLEY JEEP, INC., et al.,<br><br>             Plaintiff,<br>vs.<br>CATHERINE E. WITHERSPOON,<br><br>             Defendants.<br>_____/ | CASE NO. **CV-F-04-6663 AWI LJO**<br><br>**ORDER ON MOTION RE PROTECTIVE ORDER FOR ACCESS TO CONFIDENTIAL DOCUMENTS BY OUTSIDE COUNSEL**<br>(Doc. 346) |

Pursuant to a Joint Statement filed on September 5, 2006, plaintiffs move to modify/for enforcement of the Protective Order filed on June 6, 2006. (Doc. 235.) Plaintiffs' motion requests the Court preclude defendant intervenor's outside counsel, Matthew Pawa and Benjamin Krass, from accessing plaintiffs' highly confidential information. The matter came on for hearing on September 8, 2006 in Department 8 of the above-entitled court. (Local Rule 37-251(a).) Plaintiffs appeared by telephone by counsel Derek Bentsen. Plaintiff-intervenor appeared by telephone by counsel Charles Haake. Defendant-intervenors appeared by telephone by counsel Patrick Gallagher and Matthew Pawa. Having considered the Joint Statement and evidence submitted, as well as the arguments of counsel and the Court's file, the Court issues the following order.

/////

/////

/////

**ANALYSIS & DISCUSSION**

On March 23, 2006, this Court issued a protective order and an amended protective order on June 6, 2006. The parties began working on a proposed protective order starting in May 2005 and seriously in November 2005 to March 2006. A large stumbling block to the parties agreement to a protective order was that the defendant-intervenors' in-house counsel sought access to plaintiffs' admittedly confidential information disclosed in discovery. This Court held a hearing on March 17, 2006 to address the in-house counsel access issue, in light of *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992). The parties submitted a proposed protective order on March 23, reserving the issue of in-house counsel access, and the parties ultimately reached an agreement, which resulted in the June 6, 2006 amended protective order. The discovery produced information about the plaintiffs' costs and efficacy of vehicles designs, hardware systems that affect fuel economy technologies, market demand, consumer preferences research, marketing strategies and future produce plans and financial records, among other things.

Outside counsel Mr. Matthew Pawa and Mr. Benjamin Krass, of the Law Offices of Matthew F. Pawa, applied for pro hac vice admission on March 28, 2006 and were admitted on March 31, 2006.

Plaintiffs' concern is that there is a substantial risk of *inadvertent* disclosure of confidential information should Mr. Pawa and Mr. Krass gain access. Plaintiffs argue Mr. Pawa is a vigorous advocate who appears to use of the media as part of his advocacy. Plaintiffs argue that Mr. Pawa regularly makes public statements on his cases and has sat on a Boston College panel in a symposium that "explore[d] the interaction between law and media in the context of the global warming issue." Mr. Pawa, and through him, his associate Mr. Krass, are public figures who speak regularly on matters of environmental concern.

Plaintiff also argues that Mr. Pawa refuses to limit his public comments, as in-house counsel have agreed to do in the protective order, further causing concern to plaintiffs. Mr. Pawa indicates in his declaration that he makes public statements and does not want to have to identify publicly available

information.[1]

In the Joint Statement, plaintiffs argued the timing of Pawa's coming into the case, in relation to the protective order. Plaintiffs argue that Mr. Pawa <u>was representing</u> intervenors during the protective order negotiations. The negotiated settlement of the protective order was predicated on the defendant-intervenors' statements that they were not seeking to have Mr. Pawa and Mr. Krass access confidential information. Plaintiffs negotiated the resolution of the protective order, amended on June 6, and stated that the agreement was based on their understanding that Mr. Pawa and Mr. Krass would not be seeking confidential information and under the protective order would not be entitled to access.

At oral argument, however, plaintiffs' counsel treated from this argument that there was a misrepresentation or other inappropriate conduct during negotiations as to whether Mr. Pawa or Mr. Krass would seek access to the confidential information.

In addition, in responding to the Court's question about whether plaintiffs did not "trust" outside counsel from disclosing confidential information, counsel agreed that Mr. Pawa and Mr. Krass would not flout the protective order. The sole issue to plaintiffs is *inadvertent* disclosure such as to preclude Mr. Pawa and Mr. Krass from **all** access to confidential documents..

Assuming, without deciding, that *Brown Bag Software v. Symantec Corp.* applies to the facts of this case, the Court finds that there is basically no chance of *inadvertent* disclosure. Mr. Pawa and Mr. Krass submitted evidence that they have complied with other numerous protective orders, they are officers of the Court and have agreed to be bound to the provisions of the Protective Order at issue relevant to outside counsel. Further, they understand the result of disclosure. Indeed, it is not disputed that Mr. Pawa and Mr. Krass meet the definition of outside counsel. Each counsel has signed the Protective Order agreeing to be bound by the relevant provisions.

The evidence that plaintiffs submit in support of the possibility of inadvertent disclosure, i.e, Mr. Pawa's speaking engagements, do not balance in favor of the possibility of inadvertent disclosure so as to preclude counsel from **all** access to information necessary to the representation.

---

[1] The protective order provides in part (¶6): "Until at least three years after this litigation is concluded . . . these persons shall make no statements of fact or opinion . . . relating to any subject contained in the Highly Confidential Information . . . Quoting or paraphrasing facts or opinions from a publicly available source that is identified by the speaker or writer would not violate this provision . . ."

**CONCLUSION**

For all the foregoing reasons, the Court denies plaintiffs' request to preclude counsel Pawa and counsel Krass from access to confidential information. Counsel are bound to this Court's Protective Order as outside counsel.

IT IS SO ORDERED.

**Dated:   September 8, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE