**FILED**

NOV 0 1 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER VALLEY JEEP, INC., et al., | CASE NO. **CV-F-04-6663 AWI LJO** |
| Plaintiff, | **ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS, SUPPLEMENTS TO EXPERT REPORTS AND MODIFICATION OF THE SCHEDULE** |
| vs. | (Doc. 373, 377) |
| CATHERINE E. WITHERSPOON, | |
| Defendants. | |

Plaintiffs' motion re defendants' experts came on regularly for hearing before the Court on November 1, 2006 in Department 8. Plaintiffs appeared by telephone by counsel Andrew Clubok. Defendant appeared by telephone by counsel Ellen Peter. Having considered the parties' joint statement, and the exhibits attached thereto, as well as the arguments of counsel and the Court's file, the Court issues the following order.

The Court incorporates by reference the attached transcript of the Court's November 1, 2006 Order verbally issued at the hearing on the above motion.

IT IS SO ORDERED.

Dated: November 1, 2006

_____
LAWRENCE J. O'NEILL
UNITED STATES MAGISTRATE JUDGE

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL, MAGISTRATE JUDGE

CENTRAL VALLEY CHRYSLER-JEEP, )
                              )
            Plaintiff,        )   No. F-04-6663-REC-LJO
                              )
vs.                           )
                              )      MOTION TO COMPEL
CATHERINE WITHERSPOON,        )         ORDER
                              )
            Defendant.        )
_____)

Fresno, California                    Wednesday, November 1, 2006

REPORTER'S PARTIAL TRANSCRIPT OF PROCEEDINGS

KAREN LOPEZ, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:
(Telephonically)

For the Plaintiffs:        Kirkland & Ellis
                           BY:  ANDREW B. CLUBOK
                           655 Fifteenth Street, N.W.
                           Washington, D.C. 20005

For the Defendant:         State of California
                           Department of Justice
                           Attorney General's Office
                           BY:  ELLEN M. PETER
                           1300 I Street
                           Sacramento, CA 94244-2550

1   Wednesday, November 1, 2006                    Fresno, California

2   9:10 a.m.

3           (Discussion held on the record, not transcribed

4           herein.)

5           THE COURT:  All right.  Anything else?

6           MR. CLUBOK:  I guess that's it, Your Honor.

7           THE COURT:  Anything else, Ms. Peter?

8           MS. PETER:  No, Your Honor.

9           THE COURT:  Okay.  I'm ready to rule.

10          Issue one.  All experts, other than the Duleep expert

11  issues, the Court considers to be moot based on the

12  representations of attorney Pawa and the accepting of the

13  representations by other counsel.  I state that for today.

14  There's nothing before me as to the other experts.

15          Now, with regard to the Duleep expert issues that

16  have been addressed.  It is ordered that all reviewed,

17  referred to or relied upon documents that have not to date

18  been provided are to be provided with --

19          MS. PETER:  Hello?

20          THE COURT:  Yes, I'm here.  Are both of you still

21  here?

22          MS. PETER:  I am, Your Honor.

23          THE COURT:  Mr. Clubok?  Is there a dial in number?

24          MS. PETER:  He actually dialed in to this number, so

25  I suspect he will dial back in.

4

1       THE COURT:  Why don't we wait for a moment in silence
2   and see if he does.

3       Mr. Clubok, are you back?

4       MR. CLUBOK:  Yes, Your Honor.  I'm sorry.  We had
5   technical difficulties on our end too so I got cut off just as
6   you were in the midst of -- just beginning number two.

7       THE COURT:  And then I stopped because we
8   recognized -- we heard a click and we recognized something had
9   happened.

10      MR. CLUBOK:  Oh, thank you.

11      THE COURT:  All referred to -- I'll start again with
12  regard to number two.  All referred to, reviewed or relied
13  upon documents not yet provided are to be provided within 48
14  hours of now.  In other words, today is Wednesday November 1.
15  We're talking about Wednesday -- excuse me, Friday, November 3
16  at ten a.m. Pacific time.

17      There is no publicly available exception here at this
18  point of this litigation now.  There is not time for that.

19      In addition, it includes all Department of Energy
20  information that he reviewed, referred to or relied upon that
21  he had in his possession at any time from the instant that he
22  was retained.

23      It also includes the model that has been referred to
24  and an appropriate protective order to go along with that
25  production of the model.  That counsel have the obligation to

1   meet and confer on the propriety of the protective order and

2   the adequacy of it.  We've had other protective orders in this

3   case and they certainly can be an excellent model for that.

4       That the model itself would not be limited to counsel

5   because this is the type of -- I'm talking about counsel, it's

6   not limited to only counsel because counsel's expert or

7   consultant, this is the type of information that it does take

8   expertise to review and to understand.  But the protective

9   order can address that issue.

10      If these matters have not been provided within 48

11  hours, they cannot be relied upon or referred to or expressed

12  in any manner that would require those unproduced documents or

13  matters.

14      There is one sub-issue that has to be addressed.  And

15  that is with regard to the Department of Energy records that

16  have been apparently returned.

17      For the 48-hour period that I'm referring to, if, in

18  fact, Mr. Duleep did not keep any copies, it is presumed, as

19  any normal reasonable competent expert would do, he made notes

20  of what documents those were that he reviewed and relied upon.

21  Those specifically have got to be listed so that the plaintiff

22  can determine whether or not they have all of those documents

23  in their possession, because there has been representation

24  that many of those documents were produced by the plaintiff.

25      In addition, with regard to the timing of the

1    November 8 and 9 deposition of Mr. Duleep.  That will not, at

2    this time, be moved until and unless the Court is given

3    additional information based on what is produced, if anything,

4    in the next 48 hours pursuant to that part of the order so

5    that the Court can determine whether or not it is necessary

6    that additional time be given and taken to review in a normal

7    fashion and in an adequate fashion that additional

8    information.

9            That -- obviously that part of the ruling is without

10   prejudice.  I just don't know enough and I don't want to

11   speculate and I certainly don't want anything to be continued

12   out if it didn't need to be.

13           With regard to the inadequacy, the argument that was

14   last made right at the end by Mr. Clubok, then -- Clubok,

15   excuse me, that this court has no information, not enough

16   information and I think Mr. Clubok is correct, if that is

17   still an issue, that will be taken up at a later time and

18   determined appropriately.

19           Anything further?

20           MR. CLUBOK:  Very small clarification, Your Honor.

21   With respect to Mr. Duleep's notes, you specifically talked

22   about him having to provide the notes of any of the records he

23   supposedly reviewed from DOE.  We did want to make it clear

24   that we've asked for all of his notes --

25           THE COURT:  I'm not -- I am not excluding that.

1  Those are appropriate requests.  Those are appropriate
2  productions in the ordinary course of any case.  I am simply
3  putting emphasis on the fact that I am certain that there are
4  those types of notes if he has relied on documents and then
5  obviously returned them.

6          MR. CLUBOK:  Thank you, Your Honor.  I just wanted to
7  make sure the government wouldn't be misled thinking they
8  didn't have to provide the other notes.

9          THE COURT:  Anything else?

10         MS. PETER:  Your Honor, just because I've been
11 furiously taking notes, is it possible that this last part of
12 the actual order, that the clerk could potentially transcribe
13 just this last few minutes where the judge -- where Your Honor
14 has been issuing the orders so I have it in hand so I could
15 hand it to Mr. Duleep so that there's not any possibility of
16 confusion as to what the Court's order was?

17         THE COURT:  You're asking the court reporter to
18 transcribe.  She's -- we have a court reporter and she's
19 indicated with a nod that she is willing and able to provide
20 that part of the transcript to you.  She has your email and
21 she will expedite the transcription of this part of the order
22 and provide it to both of you, if that's what you're asking
23 for.

24         MS. PETER:  Yes, Your Honor.  That's what I would
25 request.

8

1        THE COURT:  Could I ask --

2        MR. CLUBOK:  Just -- does the Court reporter have my

3   email as well, Your Honor?

4        THE COURT:  Yes, she's indicating she does have it.

5   And let me just ask the court reporter one question, what is

6   your best estimate of when you can you can email this part of

7   the court order?

8        It will be to you either before noon or shortly

9   after.

10       MS. PETER:  Thank you very much, Your Honor.

11       THE COURT:  Anything else?

12       MR. CLUBOK:  No, thank you, Your Honor.  But I'd ask,

13  Ms. Peter, if you could stay on the line maybe we can start

14  immediately the meet and confer on the protective order or

15  whatever other issues to make sure that we meet the Court's

16  deadlines.

17       THE COURT:  Okay.  Fine.  I'm going to disconnect

18  myself and then you can take up your issues.  All right?

19       MR. CLUBOK:  Thank you, Your Honor.

20       THE COURT:  Thanks.  Bye.

21       (The proceedings were concluded at 10:05 a.m.)

22       I, KAREN L. LOPEZ, Official Reporter, do hereby

23  certify that the foregoing transcript as true and correct.

24

25  DATED:_____     _____
                                   KAREN L. LOPEZ