IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER-JEEP, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> James N. GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board, <br><br> Defendant, <br><br> THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS, <br><br> Plaintiff-Intervenor, <br><br> SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, ENVIRONMENTAL DEFENSE, BLUE WATER NETWORK, GLOBAL EXCHANGE, AND RAINFOREST ACTION NETWORK, <br><br> Defendant-Intervenors. | CV F 04-6663 AWI LJO <br><br> ORDER ON PARTIES' REQUESTS FOR COSTS AND ATTORNEY FEES AND FINAL JUDGMENT |

On June 24, 2008, the court filed an order denying Plaintiffs' motion for reconsideration and ordering that the parties submit, either by separate letters or by stipulation, any issues the parties understand are remaining before the court and submit suggested language for entry of final judgment. The parties have responded with letters to

the court that agree that no substantive issues remain to be decided and that agree that the parties have not reached agreement on the issues of the availability of attorney fees, the allocation of costs, and the language of final judgment. This order addresses the three remaining issues and closes the case.

**I. Attorney Fees**

In their letter of July 25, 2008, Plaintiffs contend they are the prevailing party, having prevailed on count II of the First Amended Complaint, and are therefore entitled to attorney's fees as part of costs pursuant to 42 U.S.C. § 1988(b). Defendant's letter of July 29, 2008, contends that, notwithstanding whether Plaintiffs can be considered to have prevailed on any counts, attorney fees are not available under section 1988(b) under the facts of this case. The court agrees.

Section 1988(b) of Title 42 of the United States Code provides, in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, [. . .] or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs [. . . .]

An award of attorney's fees pursuant to section 1988(b) is predicated on a party successfully enforcing a provision of one of the enumerated statutes. Plaintiffs do not specify which statute they prevailed on in order to qualify for attorney's fees under section 1988(b), but the court presumes Plaintiffs are pressing their claim for attorney's fees based on the contention they were prevailing parties under 42 U.S.C. section 1983. No other provision listed above has any possible relevance to the facts of this case.

In City of Rancho Palos Verdes v. Abrams, 544 U.S. 113 (2005), the Supreme Court noted:

> Our subsequent cases have made clear, however, that § 1983 does not provide an avenue for relief every time a state actor violates a federal law. As a threshold matter, the text of § 1983 permits the enforcement of "*rights*, not the broader or vaguer 'benefits' or 'interests.'" [Citation.] accordingly, to sustain a § 1983 action, the plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs. [Citation.]

Id. at 119 (italics in original).

Count II of Plaintiffs' First Amended Complaint ("FAC") seeks to enjoin enforcement of California state regulations codified at California Health and Safety Code section 43018.5(b)(1) that limit automotive emissions of "greenhouse gasses" (hereinafter the "AB 1493 regulations"), on the ground such enforcement is preempted by section 209(a) of the Federal Clean Air Act, 42 U.S.C. § 7543(a).  "The Supremacy Clause of Article VI of the United States Constitution grants Congress the power to preempt state or local law." Olympic Pipeline Co. v. City of Seattle, 437 F.3d 872, 877 (9th Cir. 2006).

> A claim under the Supremacy Clause that a federal law preempts a state regulation is distinct from a claim for enforcement of a federal law.  "The primary function of the Supremacy Clause is to define the relationship between state and federal law.  It is essentially a power conferring provision, one that allocates authority between the national and state governments . . . ." White Mountain Apache Tribe v. Williams, 810 F.2d 844, 848 (9 Cir. 1987).  A claim under the Supremacy Clause simply asserts that a federal statute has taken away local authority to regulate a certain activity.

Western Air Lines, Inc. v. Port Auth. of New York and New Jersey, 817 F.2d 222, 225 (2nd Cir. 1987).

The Ninth Circuit has held "[w]e believe that § 1983 was not intended to encompass those constitutional provisions which allocate power between the state and federal government."  White Mountain Apache Tribe, 810 F.2d at 848.  "We thus come down on the side of the weight of authority that preemption of state law under the Supremacy Clause – at least if based on federal occupation of the field or conflict with federal goals. – will not support an action under § 1983, and will not, therefore, support a claim of attorney's fees under § 1988."  Id. at 850.

Because Plaintiff's claim for injunctive relief under the Clean Air Act is based on express conflict preemption, the court finds Plaintiffs' claim of attorney's fees pursuant to 42 U.S.C. § 1988 is clearly precluded by the Ninth Circuit's decision in White Mountain Apache Tribe.

**II.  Costs**

Rule 54(d)(1) provides, in pertinent part, that "costs – other than attorney's fees – should be allowed to the prevailing party."  The issue raised and argued by the parties is

whether Plaintiffs are the prevailing party for purposes of rule 54.

As something of an aside, the court notes that in its arguments that it is the prevailing party, Plaintiffs have tended to gloss over the important distinction between attorney's fees and costs. As discussed above, neither party may receive attorney's fees as costs under the facts of this case. Consequently, the following discussion concerns only those costs that may be taxed to the non-prevailing party. Those costs are limited to those enumerated in 28 U.S.C. § 1920, which include fees of the court clerk, court reporters fees for any part of the transcript necessarily obtained in the case, fees for printing and witnesses, fees for exemplification and copies of papers necessarily obtained, and docket fees.

"A party is a 'prevailing party' when '(1) it wins on the merits of its claim, (2) the relief received materially alters the legal relationship between the parties by modifying the defendant's behavior, and (3) that relief directly benefits the plaintiff.' [Citation.]" UFO Chuting of Hawaii, Inc. v. Smith, 508 F.3d 1189, 1197 (9th Cir. 2007) (quoting Martinez v. Wilson, 32 F.3d 1415, 1421-22 (9th Cir. 1994)). Both parties claim to have prevailed in this case. Plaintiffs claim they prevailed based on the fact that Defendant's position prior to this action and until 2006, was that the AB 1493 regulations could be enforced without a waiver under the Clean Air Act, because the AB 1493 regulations were "within the scope" of a prior EPA waiver. Plaintiffs argue that, since Defendant maintained the position that it was entitled to enforce the AB 1493 regulations until well into this action, the court's issuance of the injunction in its order of January 16, 2007 barring enforcement of the AB 1493 regulations in the absence of an EPA waiver or a congressional action permitting enforcement materially altered the relationship between the parties to Plaintiffs' benefit. Plaintiffs contend they are the prevailing party because they are the beneficiaries of the court's injunctive order of January 16, 2007.

Defendant argues that Plaintiffs are not the prevailing party because it was Defendant, not plaintiffs, who actually asked for the court's injunction to formalize what Defendant had already concluded – that it would be required to seek a waiver under the Clean Air Act before it could enforce its AB 1493 standards. Further, Defendant contends that Plaintiffs are not

4

the prevailing parties because Plaintiffs did not prevail with respect to a central part of their claim under Count II of the FAC – that California could not regulate carbon dioxide emissions under the Clean Air Act because carbon dioxide is not a pollutant within the meaning of the Clean Air Act. Defendant contends that the *judgment* in this case, of which the injunctive order is but a minor part, did not materially alter the legal relationship between the parties to Plaintiffs' benefit, but merely formalized a fact already conceded by Defendant. See UFO Chuting, 508 F.3d at 1197-1198 ("To be considered the 'prevailing party' the plaintiff must show that the *judgment* somehow affected the behavior of the defendant towards the plaintiff") (emphasis added)). Defendant contends it is the prevailing party because the court's judgment alters the legal relationship between the parties to Defendant's benefit by denying Plaintiffs any basis to block enforcement of the AB 1493 regulations once a waiver under the Clean Air Act is obtained.

From the court's perspective, the outcome of this action has not produced a prevailing party. Rather, it has produced a series of what are essentially declaratory decisions that will determine the relationship between the parties in some yet-to-be-determined future. So far as the court can determine, the judgment in this case will not materially alter the relationship of the parties. Plaintiffs and Plaintiff-Intervenor have consistently attempted to characterize Defendant's statements of its *intent* to enforce the AB 1493 regulations at some time in the future as an "attempt to enforce" the regulations. The court has rejected this characterization. Contrary to Plaintiffs' characterization, Defendant never actually enforced or attempted to enforce the AB 1493 regulations because no restriction has been placed on Plaintiffs nor have Plaintiffs ever been advised they are in violation of a currently-operative standard. As the court observed in its order denying Plaintiff-Intervenor's motion for reconsideration and modification of the injunction:

> CARB's Executive Order does not, on its face, invoke the provisions of AB 1493 or impose any present restriction on manufacturers' ability to market automobiles that are not in compliance with the emissions regulations of AB 1493 in California. The Executive Order, to the extent it has been quoted by Plaintiffs, merely states what has been assumed, or should have been assumed by the parties all along – California intends to enforce its AB 1493 regulations if and when it can.

Doc. # 693 at 8:15-20.

So far as the court understands it, the event that precipitated this action was California Air Quality Resources Board's ("CARB's") adoption of the AB 1493 regulations, not the actual imposition of any penalties or restrictions pursuant to those regulations. The AB 1493 regulations were never imposed and are not now imposed. Thus, Defendant's behavior with respect to Plaintiff with regard to the enforcement of any regulation has not been altered as a result of any judgment or decree in this case. By the same token, Defendant had not imposed the AB 1493 regulations at the inception of this action and remains unable to impose those regulations now. The parties legal position and *behavior* toward each other is now, and been throughout this action, *status quo ante*. No party has been required to change what it was doing with respect to enforcement of the AB 1493 regulations as a result of decisions rendered by this court. What this case has accomplished is a clarification of the parties' legal relationship as it now stands and a clarification of the relationship as it may stand at some undetermined time in the future if EPA issues a waiver of preemption under the Clean Air Act or Congress approves and the President signs into law legislation permitting California to enforce its AB 1493 regulations.

Where neither party can be said to have prevailed, the court is within its discretion to require each party to bear its own costs. Ruiz v. A.B. Chance Co., 378 F.3d 654, 670 (2000). The court finds no party can fairly be called the prevailing party in this case and will require each party to pay its own costs.

**III. Judgment**

The parties have submitted suggested forms of judgment that differ from each other with respect to the award of attorney's fees, the allocation of costs, and with respect to changes or modifications to the injunctive relief previously ordered by the court. Attorney's fees and costs have been discussed. With respect to injunctive relief, no facts or legal arguments have come to light that would compel any change in the wording of the existing injunction. The court will therefore incorporate the existing injunction by reference in order to avoid any potential confusion that could arise from any inadvertent inconsistency between

the original and any reworded injunction.  To the extent Defendant's proposed order of judgment may suggest the court should provide declaratory statements regarding the applicability or inapplicability of the  preemptive doctrines that were implicated by Plaintiffs' claims for relief, such declaratory statements in the order of judgment would be unnecessary and inappropriate.  There are no counterclaims in this action requesting declaratory judgment, so there is no basis for an award of declaratory relief.  Further, the court's prior determinations with regard to preemption under the Energy Policy Conservation Act and under the foreign policy of the United States are preclusive of any future court claims for relief against Defendant on those grounds.

PURSUANT to the foregoing discussion, it is hereby ADJUDGED and DECREED that:

1. The Clerk of the Court shall enter judgment for Plaintiffs on that portion of Count II of the First Amended Complaint requesting an injunction against enforcement of the AB 1493 regulations on the ground they are preempted under section 209(a) of the Clean Air Act.  The injunction previously imposed by this court by its order of January 16, 2007, shall remain in full force and effect under the terms set forth therein.
2. The Clerk of the Court shall enter judgment for Defendant as to all other claims for relief set forth in the First Amended Complaint.
3. All parties shall take nothing in this action.
4. Each party shall bear its own costs.
5. The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:    September 24, 2008**              /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE